■ THEODORE HUDSON, Individually and as Father and Natural Guardian of TANIA HUDSON, an Infant, et al., Respondents, v ENNIO ROLLERI et al., Defendants, and JAMESWAY CORP., Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant Jamesway Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated June 14, 1979, as failed to grant its motion for a protective order in its entirety. Order modified by deleting therefrom the paragraphs enumerated one, two, three and four, and substituting therefor the following: "1. Defendant Jamesway Corp. is directed to answer Item No. 1 of the plaintiffs' demand only to the extent that it shall provide a copy of the bill of sale issued by it with respect to the B-B gun allegedly purchased by defendant Antonio Rolleri at its Liberty, New York store sometime during the period July 20 to July 26, 1978. 2. Defendant Jamesway Corp. is directed to answer Item No. 2 of the plaintiffs' demand only to the extent that it shall provide the name(s) and address(es) of its sales person(s) who sold the B-B gun allegedly purchased by defendant Antonio Rolleri at its Liberty, New York store sometime during the period July 20 to July 26, 1978. 3. Defendant Jamesway Corp. is directed to answer Item No. 3 of the plaintiffs' demand to the extent that it shall provide copies of all sales records pertaining to the sale of the B-B gun allegedly purchased by defendant Antonio Rolleri at its Liberty, New York store sometime during the period July 20 to July 26, 1978. 4. Defendant Jamesway Corp. is directed to answer Item No. 4 of the plaintiffs' demand only to the extent that it shall provide copies of the delivery receipt or other record(s) setting forth the date of delivery, make, model and serial number of the B-B gun allegedly purchased by defendant Antonio Rolleri at its Liberty, New York store sometime during the period July 20 to July 26, 1978." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The instant complaint alleges pertinently as follows: (1) sometime during the

period July 20 to July 26, 1978 defendant Antonio Rolleri purchased a B-B gun from defendant Jamesway Corp. at its Liberty, New York, store; (2) the purchase and sale of the gun constituted negligent, wrongful and illegal acts on the part of both Antonio Rolleri and Jamesway Corp.; (3) On July 26, 1978 defendants Ennio and Antonio Rolleri negligently, wrongfully and illegally permitted Antonio's son, William Rolleri, an infant, to possess and use the B-B gun on property owned by them; and (4) as a result of the aforesaid acts of the defendants, and the negligent, wrongful and illegal use of the B-B gun by William Rolleri, Tania Hudson, an infant, was injured when struck by a pellet from the B-B gun, which had been fired by William Rolleri. Under these circumstances, we do not doubt that it is "material and necessary" to the prosecution of this action for plaintiffs to obtain information concerning the specific B-B gun involved, particularly as regards the alleged sale of that gun by Jamesway to defendant Antonio Rolleri (see CPLR 3101, subd [a]; see, also, *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406-407). However, we find no such relevance to information pertaining to other B-B guns allegedly purchased by Jamesway for its Liberty store and sold therefrom. The order under review is modified accordingly. Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.