■ SELTEL, INC., Appellant, v CHANNEL COMMUNICATIONS, INC., et al., Respondents.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered January 29, 1986, which, *inter alia,* denied the motion of plaintiff-appellant Seltel, Inc., for a protective order striking defendant-respondent Channel Communications, Inc.'s second set of interrogatories, unanimously reversed, to the extent appealed from, on the law and on the facts, with costs, and plaintiff's motion for a protective order as to defendant's second set of interrogatories is granted.

Seltel sues in this action to recover for damages incurred as a result of the premature and allegedly wrongful cancellation of its contract by defendant Channel Communications. Pursuant to the contract, plaintiff was to perform services as defendant's exclusive national sales representative and was accordingly to use its best efforts to promote defendant's independent television station, WCLQ-TV, and its Cleveland market among national sponsors. Channel Communications claims in its defense that plaintiff did not perform adequately under the contract and did not use its best efforts in defendant's behalf as it had promised to do. Defendant's initial depositions of employees assigned by plaintiff to its account revealed that plaintiff's contracts to act as national sales representative to three other independent television stations had been recently canceled. On acquiring this information, defendant issued the interrogatories here in question seeking extensive disclosure as to plaintiff's representation of 13 named television stations and any other stations represented by plaintiff in the top 20 television markets.

Defendant contends that the requested information is relevant to demonstrating plaintiff's capacity, or lack thereof, to act as a national sales representative. It also maintains that the information will provide a necessary basis for comparing plaintiff's efforts on its behalf with those made for others, thereby enabling defendant to show that plaintiff did not give it (defendant) the benefit of its "best efforts."

The scope afforded a litigant obtaining discovery pursuant

to CPLR 3101 is wide, embracing all information necessary and material to the prosecution or defense of an action (see, Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406-407). It is not so wide, however, as to encompass the material here sought by defendant.

This is a relatively straightforward contract action. The issue is whether defendant's obligation under the contract was excused by plaintiff's failure to tender consideration in the form of its "best efforts" as a national sales representative. Defendant may prove its defense by resort to any evidence reasonably bearing upon the manner in which plaintiff deficiently performed its obligations under the subject contract. To this end it may obtain discovery of information concerning plaintiff's national resources and may produce expert opinion testimony regarding what the "best efforts" of a national sales representative ordinarily entail so that plaintiff's performance can be evaluated accordingly. Defendant may not, however, prove plaintiff's inadequate performance under the contract at issue by showing its failure under other purportedly similar contracts any more than plaintiff may prove the adequacy of its services to defendant by producing evidence of satisfactory service to other customers. While the disclosures sought may incidentally yield relevant information as to the extent of plaintiff's national resources, defendant's inquiries invariably call for concomitant disclosures respecting plaintiff's performance under other contracts with other clients, which disclosures are neither material nor necessary to its defense. Defendant's interrogatories are thus overbroad. Any relevant information they might elicit could certainly be obtained by direct inquiry without reference to contracts not at issue. We do not think that acceding to a request for information as extensive and poorly focused as the one before us will have the effect of sharpening the issues or reducing delay and prolixity (see, Allen v Crowell-Collier Pub. Co., supra). Quite the opposite result may be anticipated.

Finally, we would observe that, insofar as defendant seeks the requested information to establish plaintiff's generally deficient performance, its claim that the same information is necessary to afford a basis for the comparative evaluation of plaintiff's efforts is singularly unpersuasive. Concur—Murphy, P. J., Ross, Kassal and Rosenberger, JJ.