■ ROSE M. GIACALONE, an Infant, by Her Mother and Natural Guardian, LEONARDA GIACALONE, et al., Respondents, v HICKSVILLE CONCRETE CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. COUNTY OF NASSAU, Third-Party

Defendant-Respondent, et al., Third-Party Defendants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated March 27, 1987, which denied their motion to vacate an order of the same court, dated March 3, 1987, directing the production of all maintenance records for the truck involved in the subject accident for a period of 12 years preceding the accident and six months following the accident and all maintenance records for all of the defendant Hicksville Concrete Corp.'s vehicles for a period of two years preceding the accident.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the motion which was to vacate so much of the order dated March 3, 1987 as directed the defendants to produce for discovery maintenance records for the truck involved in the accident for a period of six months following the accident and all maintenance records for all vehicles of Hicksville Concrete Corp. covering the two-year period prior to the accident, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the defendant Hicksville Concrete Corp.'s time to produce the maintenance records of the subject truck for the period of 12 years preceding the accident is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

Although we perceive no impropriety in the procedure employed by the court in disposing of the requests for further discovery, we find that some of those requests should not have been granted and the order directing that discovery must in part be vacated. Initially, we note that the court properly directed the defendant Hicksville Concrete Corp. to produce at a further examination before trial its maintenance records pertaining to its truck which was involved in the accident in question, for a period of 12 years preceding the accident. Those records ought to reflect the truck's mileage and at what intervals its brakes were inspected, serviced, repaired or replaced. Production of those records would not be unduly burdensome and the information contained therein is both material and necessary to the plaintiffs' prosecution and the county's defense of this action. Thus, those records are discoverable (see, CPLR 3101). Nevertheless, the court erred in directing the defendant Hicksville Concrete Corp. to produce the truck's maintenance records for a period of six months following the accident. Evidence of postaccident repairs, ex-

cept under limited circumstances not present here, is not discoverable *(see, Klatz v Armor Elevator Co.,* 93 AD2d 633). The court also improperly directed the defendant Hicksville Concrete Corp. to produce the maintenance records for all of its other vehicles for a period of two years preceding the accident. Those maintenance records are not material and necessary to the plaintiffs' prosecution of their action or the county's defense of the third-party action, nor are they at all relevant to the issue of the defendants' possible negligence in maintaining the truck. Accordingly, those records are not discoverable *(see,* CPLR 3101; *see, Hudson v Rolleri,* 78 AD2d 539; *Judson v City of Rochester,* 12 AD2d 734, *rearg denied* 12 AD2d 891). Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.