■ MENAHEM ZOHAR, Appellant, v HAIR CLUB FOR MEN, LTD., Respondent. [607 NYS2d 5] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about November 13, 1992, which, insofar as appealed from, granted the motion by the defendant for a protective order pursuant to CPLR 3103 and 3133 striking certain items from the plaintiff's Interrogatories and Notice to Admit, unanimously affirmed, without costs.

Plaintiff commenced the underlying action against the defendant, a New York corporation which is in the business of selling hair replacement products, seeking to recover compensatory and punitive damages for the defendant's alleged violation of Civil Rights Law §§ 50 and 51 and for fraud arising as a result of the defendant's allegedly unauthorized use of the plaintiff's image, without obtaining his valid written consent, in a nationally televised commercial promoting the defendant's products.

The record reveals that Interrogatories 2 through 9 and items 6 and 7 in the Notice to Admit, requesting documents and information concerning other individuals who appeared in the program promoting the defendant's hair replacement products (Interrogatories 8 and 9), including the amount of "consideration, if any", they received (Interrogatories 2, 4 and 6; Notice to Admit items 6 and 7), and whether these individuals "signed releases for their appearance" (Interrogatories 3, 5 and 7), were properly stricken as irrelevant and overbroad. The disclosure sought therein, regarding other purportedly

similar contracts between the defendant and other individuals who are not parties to the underlying action, has no bearing on the validity of the particular release executed by the plaintiff herein and improperly requires concomitant disclosure respecting the defendant's performance under other contracts with other clients, which disclosures are neither material nor necessary, nor have the effect of sharpening the issues for trial (see, Seltel, Inc. v Channel Communications, 122 AD2d 628).

Similarly, Interrogatories 14 through 16, seeking disclosure with respect to the costs associated with producing the program at issue and in deleting and replacing the plaintiff's image therein, for the sole purpose of allegedly establishing the defendant's bad faith and disproportionate profits, were also properly stricken as irrelevant, since "bad faith" and "disproportionate profit", as well as "consideration" required to support a consent, are not necessary elements, and are therefore irrelevant, in establishing liability under sections 50 and 51 of the Civil Rights Law (see, Cory v Nintendo of Am., 185 AD2d 70, 73).

Nor did the IAS Court abuse its discretion in striking as irrelevant and overbroad Interrogatory 18, seeking information as to whether the defendant had ever been sued or warned of suit or otherwise by any other individual for alleged violations of the Civil Rights Law or any other right to privacy, since the commencement of any action, or the threat of such action, against the defendant by other individuals is not material and necessary to the prosecution of the plaintiff's action nor relevant to plaintiff's individual claim that his rights were violated and that he was deceived by the defendant (cf., e.g., Lopez v Huntington Autohaus, 150 AD2d 351, 352; Giacalone v Hicksville Concrete Corp., 134 AD2d 482, 484).

Finally, item 3 in the plaintiff's Notice to Admit, seeking an admission that the "[d]efendant's agents did not orally divulge their identity (i.e., that they worked for defendant) nor the intended use of the interview to plaintiff", was properly stricken since the Notice to Admit may not be utilized, as sought by the plaintiff herein, to seek admissions of material issues or conclusory facts which go to the very heart of the matters at issue (see, Kalabovic v Fort Place Coop., 159 AD2d 609, 610).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.