■ FRANK DARABONT, et al., Plaintiffs, and CREATIVE ARTISTS AGENCY, LLC, Respondent, v AMC NETWORK ENTERTAINMENT LLC et al., Appellants, et al., Defendants. [9 NYS3d 231]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 20, 2014, which denied defendants-appellants' (defendants) motion to compel plaintiff Creative Artists Agency, LLC (CAA) to produce certain documents, or, in the alternative, to preclude certain claims and allegations made in the complaint, unanimously affirmed, with costs.

Plaintiff Darabont, the creator and former executive producer of a highly successful cable television series, his companies, and CAA, the talent agency that represents him, allege that defendants, the broadcaster and producer of the series, breached the parties' 2010 contract, which requires defendants' payment of contingent compensation on terms that are comparable to defendants' dealings with unrelated distributors of similar programs. Plaintiffs also allege, among other things, that defendants breached the covenant of good faith and fair dealing set forth in the parties' 2011 amendment to the agreement, which requires defendants to negotiate contingent compensation in good faith and "within customary basic cable television industry parameters consistent with [defendants'] business practices and [Darabont's] stature in the basic cable television industry."

The motion court providently exercised its discretion by denying defendants' motion to compel the production of documents concerning contingent compensation owed to CAA or its clients pursuant to their agreements with nonparty cable television studios (*see 148 Magnolia, LLC v Merrimack Mut. Fire Ins.*

*Co.*, 62 AD3d 486, 487 [1st Dept 2009]). Those documents, and CAA's and its clients' dealings with nonparty studios, have no bearing on the issues in this action and will not sharpen those issues, as the only relevant inquiry is the monetary terms of defendants' transactions with nonparty distributors of comparable programs (*see Zohar v Hair Club For Men*, 200 AD2d 453, 453-454 [1st Dept 1994]). To the extent defendants allege that the requested documents are necessary to defend against any claims that they breached industry-wide standards, the motion court has stated that it will preclude plaintiffs from raising such claims.

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.