FINKELSTEIN REALTY, INC., Plaintiff, *v.* ABRAHAM RUDENSKY et al., Individually and as Copartners, Doing Business as R & R REALTY Co., et al., Defendants.

LAWRENCE ZIRINSKY et al., Third-Party Plaintiffs, *v.* EARL H. SPERO et al., Third-Party Defendants.

Supreme Court, Special Term, Queens County, February 15, 1967.

*Nierenberg, Glixon, Zeif & Weinstein* for plaintiff. *Whitehorn & Cowin* (*Joseph Delman* of counsel), for David Yagoda, third-party defendant.

HAROLD TESSLER, J.  Plaintiff moves to examine the third-party defendants.  In opposition, third-party defendant Yagoda contends examination is not proper because plaintiff has made no claim of any kind against him and because he has in his answer made no claim against plaintiff.

In *Ciaffone* v. *Manhattantown, Inc.* (20 A D 2d 666) the Appellate Division, Second Department, held that the examination of a defendant by a third-party defendant should be limited only to those matters which are material and necessary to the third-party action.  However, subsequently, in *Lombardo* v. *Pecora* (23 A D 2d 460) the same court held that the defendant in a personal injury action should be permitted to examine his codefendants even when no cross claims have been asserted among them.  The court stated, at page 462, " that full pre-trial examinations of codefendants *inter sese* should be allowed with respect to all evidence which is material and necessary, even in the absence of a cross claim by the moving codefendant against the codefendant sought to be examined."

Consistent with the *Lombardo* decision (*supra*) is an implied overruling or extension of *Ciaffone* (*supra*) which limited examinations of third parties.  The rationale of *Lombardo* appears to mandate liberal and complete examinations of parties whether or not claims are asserted among them.  In furtherance of this liberality, this court holds that a plaintiff may examine a third party even where, as here, no claims have been asserted among them.  Accordingly, the motion is granted.