■ WILLIAM GIBSON et al., Respondents, v TRANSACT INTERNATIONAL, INC., Defendant and Third-Party Plaintiff. FLYING TIGER LINES, INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated February 3, 1987, which

granted the plaintiffs' motion to vacate the third-party defendant's notice of deposition on condition that (1) the plaintiffs' attorney stipulate in writing that the third-party defendant may use the plaintiffs' depositions, previously taken by the defendant, at the trial, and (2) third-party defendant have leave, within 60 days, to submit written interrogatories to the plaintiffs with respect to any matters not adequately covered in their prior depositions by the defendant.

Ordered that the order is modified by deleting the provision thereof which granted the third-party defendant leave to submit written interrogatories, and substituting therefor a provision granting the third-party defendant leave to take further depositions of the plaintiffs with respect to any aspect of the facts of the accident and the alleged negligence of the parties not adequately covered on the plaintiffs' prior depositions by the defendant; as so modified, the order is affirmed, with costs to the third-party defendant; the depositions of the plaintiffs shall take place upon written notice of at least 10 days, or at such time and place as the parties may agree.

The Supreme Court, Queens County, could properly find that the plaintiffs would be unreasonably inconvenienced by granting further disclosure of matters already fully disclosed in the depositions of the plaintiffs by the defendant held prior to the third-party defendant's joinder as a party to this suit. However, the court erred in relegating it to the use of written interrogatories, rather than oral examination, with respect to those facts of the accident and the parties' alleged negligence not adequately explored in the prior depositions. Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.