■ DATACOM SYSTEMS CORPORATION, Respondent, v NEW YORK MEDICAL COLLEGE, Appellant, et al., Defendant. (Action No. 1.) DATACOM SYSTEMS CORPORATION, Respondent, v FLOWER HOSPITAL, Appellant. (Action No. 2.)—In two actions to recover damages for breach of contract, the defendant in each action, New York Medical College and Flower Hospital, appeal from so much of an order of the Supreme Court, Westchester County (Zeck, Ref.), entered December 9, 1987, as

denied those branches of their respective motions which were for discovery with respect to their affirmative defenses of illegality.

Ordered that the order is reversed insofar as appealed from, with costs, those branches of the motions which were for discovery with respect to the affirmative defenses of illegality are granted, and the matters are remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Referee granted the defendants permission to amend their answers to assert the additional affirmative defense of illegality but precluded them from pursuing discovery in connection with that defense. Liberal disclosure is permitted in civil actions *(Burgel v Burgel,* 141 AD2d 215). The requirement in CPLR 3101 (a) that the evidence sought to be discovered must be "material and necessary" has been interpreted to include "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). The defendants made a sufficient showing that further discovery was necessary for the preparation of their defense to this action.

These matters are remitted to the Supreme Court, Westchester County, for a determination as to the scope of further discovery in view of the disclosure previously conducted by the parties. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.