■ INSTITUTE FOR DESIGN AND CONSTRUCTION, Appellant, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent; NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant.—In a negligence action to recover damages for injury to property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), entered March 30, 1989, as, upon reargument, adhered to a prior determination which, *inter alia,* limited the obligation of the City of New York to respond to interrogatories 12 and 20 to a period not to exceed three years prior to the date of the incident which is the subject of the action, denied those branches of the plaintiff's motion which were to compel the City of New York to respond to interrogatories 5, 6, 7, 13 and 16 (e), and reserved decision with respect to the claim of privilege by the City of New York concerning documents sought by interrogatory 19.

Ordered that the appeal from so much of the order as reserved decision with respect to the claim of privilege concerning documents sought by interrogatory 19 is dismissed; and it is further,

Ordered that the order is otherwise modified, by (1) deleting the provision thereof which adhered to the original determination limiting the obligation of the City of New York to respond to interrogatories 12 and 20 to a period not to exceed three years prior to the date of the incident, and substituting therefor a provision extending disclosure to a period of six years prior to the date of the incident, and (2) deleting the provisions thereof which adhered to the original determina-

tion denying those branches of the plaintiff's motion which were to compel the City of New York to respond to interrogatories 5, 6 and 7, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the time of the City of New York to answer the interrogatories is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff contends that the Supreme Court erred in denying its motion to compel the City of New York to respond to various interrogatories to which objections were raised.

We find merit to the plaintiff's contention that it is entitled to the information sought in interrogatory 5, which pertains to the city's affirmative defense of contributory negligence *(see, Datacom Sys. Corp. v New York Med. Coll.,* 151 AD2d 455; *Wiseman v American Motors Sales Corp.,* 103 AD2d 230; *Wolfe v Fazzini,* 50 AD2d 723). Similarly, the plaintiff is entitled to disclosure of information regarding the city's third-party claim, as requested in interrogatories 6 and 7 *(see, Gibson v Transact Intl.,* 133 AD2d 807; *Grotallio v Soft Drink Leasing Co.,* 97 AD2d 383; *Finkelstein Realty v Rudensky,* 52 Misc 2d 1082).

The plaintiff, in addition, sought information regarding the water main which ruptured and allegedly caused extensive damage to its premises, from the time of its installation in 1948 through the date of the incident, January 5, 1980. The Supreme Court, however, limited such disclosure to a period of three years prior to the incident. We find that the disclosure of the information sought in interrogatories 12 and 20 should be extended to a period of six years prior to the incident in view of the plaintiff's assertion that it first registered complaints regarding the condition of the site to a public authority six years prior to the rupture. Production of records and materials for this six-year period would not be unduly burdensome and the information requested is both material and necessary to the plaintiff's prosecution of this action *(see, Giacalone v Hicksville Concrete Corp.,* 134 AD2d 482).

However, we agree with the Supreme Court that the plaintiff is not entitled to the information requested in interrogatories 13 and 16 (e) which pertain to subsequent repairs *(see, Klatz v Armor Elevator Co.,* 93 AD2d 633).

Finally, we note that the Supreme Court reserved decision

with respect to the city's claim of privilege concerning the documents sought by interrogatory 19. Accordingly, the challenge to this interrogatory remains pending and undecided, and the appeal from so much of the order as reserved decision with respect to the city's claim of privilege concerning documents sought by interrogatory 19 is dismissed *(see, Katz v Katz,* 68 AD2d 536). The Supreme Court should, however, issue its ruling as to this interrogatory with all convenient speed. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.