■ Nicholas J. Masterpol, Inc., Respondent-Appellant, v Travelers Insurance Companies, Respondent-Appellant, and Sinclair & Andrews Insurance et al., Appellants-Respondents. [711 NYS2d 88] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied those parts of plaintiff's motion seeking summary judgment and dismissal of the defense of defendant The Travelers Insurance Companies (Travelers) based upon Travelers' disclaimer of coverage, and determined that the disclaimer is valid and enforceable. The disclaimer by Travelers was based on the clear and unambiguous language of the policy excluding coverage if plaintiff's building was vacant for 60 consecutive days prior to the loss, and the record establishes that the building was vacant within the meaning of the policy for the requisite period (*see, Nurnberg v Citizens Cas. Co.*, 18 AD2d 650, *affd* 13 NY2d 681). The court also properly denied that part of plaintiff's motion seeking, in the alternative, leave to amend the amended complaint to allege a cause of action for reformation. "While leave to amend should be freely given (*see,* CPLR 3025 [b]), a proposed amendment which is devoid of merit should not be permitted" (*West Branch Realty Corp. v Exchange Ins. Co.*, 260 AD2d 473). The record contains no proof that the policy was executed under either a mutual mistake or a unilateral mistake coupled with fraud (*see, Loyalty Life Ins. Co. v Fredenberg*, 214 AD2d 297, 299-300; *Town of German Flats v Aetna Cas. & Sur. Co.*, 174 AD2d 1003, 1004, *lv denied* 78 NY2d 860). Rather, the record establishes only a unilateral

mistake by plaintiff (*see, Metzger v Aetna Ins. Co.,* 227 NY 411, 415-416; *Bardi v Farmers Fire Ins. Co.,* 260 AD2d 783, 786, *lv denied* 93 NY2d 815, *rearg denied* 94 NY2d 839).

The court erred, however, in denying the cross motions of defendants for summary judgment dismissing the amended complaint, and thus we modify the judgment accordingly. Plaintiff had conclusive presumptive knowledge of the terms of the policy prior to the loss and took no action to close the gap in coverage resulting from the exclusion for vacancy (*see, Madhvani v Sheehan,* 234 AD2d 652, 654-655; *Rogers v Urbanke,* 194 AD2d 1024, 1024-1025; *Rotanelli v Madden,* 172 AD2d 815, 817, *lv denied* 79 NY2d 754). Plaintiff's request for insurance neither triggered a duty on defendants' part to recommend coverage in the event that the building was vacant, nor "relieve[d] plaintiff of its obligation to read the policy, which contained an express exclusion" for vacancy (*L.C.E.L. Collectibles v American Ins. Co.,* 228 AD2d 196, 197). (Appeals from Judgment of Supreme Court, Onondaga County, Tormey, III, J., for Hurlbutt, J., pursuant to CPLR 9002—Summary Judgment.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.