■ JUAN P. DUARTE et al., Appellants, v STATE FARM INSURANCE COMPANY, Respondent. [734 NYS2d 884] —In an action for a judgment declaring, in effect, that the defendant is obligated to defend and indemnify George Noriega and Carmen Noriega in an underlying action entitled *Duarte v Nunez,* pending in the Supreme Court, Queens County, under Index No. 18249/96, the plaintiffs appeal from an order of the Supreme Court,

Queens County (Thomas, J.), dated March 12, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify George Noriega and Carmen Noriega in the underlying action.

"The insurer bears the burden of proving that the facts alleged in the complaint do not fit within the range of the policy's coverage" (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 627). Here, the defendant established its prima facie entitlement to judgment as a matter of law based on the clear and unambiguous language in the policy excluding coverage for the incident at issue in the underlying action (*see, U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821; *Masterpol, Inc. v Travelers Ins. Co.*, 273 AD2d 817). In opposition, the plaintiffs failed to come forward with sufficient evidence to raise a triable issue of fact. Thus, the defendant was properly granted summary judgment dismissing the complaint.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant (*see, Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Krausman, J. P., Luciano, Smith, Adams and Prudenti, JJ., concur.