■ BAYSTONE EQUITIES, INC., Appellant, v GEREL CORPORATION et al., Respondents. [759 NYS2d 78] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 10, 2002, which granted defendants' motion to dismiss the complaint, pursuant to CPLR 3211 (a) (1), on the ground of a defense supported by documentary evidence, unanimously affirmed, with costs.

While plaintiff's allegations in this action for, inter alia, specific performance of contracts for the sale of real property are, broadly construed, sufficient to withstand dismissal pursuant to CPLR 3211 (a) (7), they are nonetheless conclusively refuted by the documentary evidence and, accordingly, dismissal of the complaint was warranted pursuant to CPLR 3211 (a) (1) (*see Igarashi v Higashi*, 289 AD2d 128 [2001]). Plaintiff purchaser concededly did not timely deliver the deposit required under the subject contracts. Although plaintiff maintains that the contracts were not terminable for this default, the contracts clearly provided that time was of the essence for plaintiff to meet its monetary obligations and, while plaintiff was accorded an extension of its time to deliver the additional deposit, time still remained of the essence. In addition, the contracts, rationally construed, are not consistent with plaintiff's contention that the five-day notice to cure contractually required of the seller as a condition of contract termination in certain circumstances was applicable where termination was predicated on nonpayment of the deposit. Finally, the documentary evidence renders untenable plaintiff's claim that the parties entered into a net lease agreement after the original contracts were terminated. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Gonzalez, JJ.