OLD CLINTON CORP., Respondent, and YG Equities, LLC, Respondent-Appellant, v 502 OLD COUNTRY ROAD, LLC, et al., Appellants-Respondents. [773 NYS2d 410]—

In an action for specific performance of a particular obligation under a commercial lease, to rescind a contract for the sale of real property based on fraud in the inducement, and to recover damages for fraud, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated December 6, 2002, as denied those branches of their motion pursuant to CPLR 3211 which were to dismiss the first and second causes of action insofar as asserted against the defendant 502 Old Country Road, LLC, and reserved decision on those branches of their motion which were to dismiss the first and second causes of action insofar as asserted against the defendant David Ross, and the plaintiff YG Equities, LLC, cross-appeals from so much of the same order as granted that branch of the defendants' motion which was to dismiss the third cause of action.

Ordered that the appeal from so much of the order as reserved decision on those branches of the defendants' motion which were to dismiss the first and second causes of action insofar as asserted against the defendant David Ross is dismissed, as those branches of the motion remain pending and undecided (*see Institute for Design & Constr. v City of New York*, 168 AD2d 608 [1990]; *Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is reversed insofar as reviewed on the appeal, on the law, and those branches of the motion which

were to dismiss the first and second causes of action insofar as asserted against the defendant 502 Old Country Road, LLC, are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In a commercial lease dated June 26, 2000, the plaintiff Old Clinton Corp. (hereinafter Old Clinton) leased certain land (hereinafter the premises) to the Cellular Telephone Company (hereinafter Cellular Telephone). According to the terms of the lease, Old Clinton was obligated to construct a 4,600 square-foot building for Cellular Telephone.

Two years later, Old Clinton, which had not begun the construction of the building, sold the premises and assigned the lease to the defendant David Ross. Subsequently, the defendant 502 Old Country Road, LLC (hereinafter 502 Old Country Road), which was Ross's limited liability company, assumed Ross's obligations under the contract of sale and the lease.

When 502 Old Country Road indicated that it planned on constructing a 7,000 square-foot building on the premises, Old Clinton, along with the plaintiff YG Equities, LLC (hereinafter YG Equities), which owned land bordering the premises, commenced the instant action setting forth three causes of action. The defendants then moved pursuant to CPLR 3211 to dismiss the complaint. The Supreme Court granted that motion in part.

The first cause of action was asserted by Old Clinton and sought specific performance of the obligation under the lease to construct a 4,600 square-foot building on the premises. However, Old Clinton, which assigned the lease, lacked standing to seek specific performance of that obligation (*see* CPLR 3211 [a] [3]; *cf. Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y.*, 240 AD2d 382 [1997]). In any event, since the defendants submitted documentary evidence conclusively establishing that the lease was terminated, the remedy of specific performance was unavailable (*see* CPLR 3211 [a] [1]; *Baystone Equities v Gerel Corp.*, 305 AD2d 260 [2003]). Under these circumstances, the court should have dismissed the first cause of action insofar as asserted against 502 Old Country Road.

The second cause of action also asserted by Old Clinton was for rescission of the contract of sale based on fraudulent inducement. In support of this cause of action, Old Clinton alleged that it had relied on an oral promise that Ross had made to construct a 4,600 square-foot building on the premises (*see Sabo v Delman*, 3 NY2d 155 [1957]). However, the contract contains

a provision that indicates, in effect, that a 7,000 square-foot building could be built on the premises. In light of this meaningful conflict, Old Clinton cannot be heard to argue that it reasonably relied on Ross's alleged oral promise (*see Sulaiman Corp. v Asian Am. Food Corp.,* 285 AD2d 499 [2001]; *Stone v Schulz,* 231 AD2d 707, 708 [1996]). Furthermore, Old Clinton failed to allege that it suffered an injury as a result of entering into the contract of sale (*see Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403 [1958]). Under these circumstances, the Supreme Court should have dismissed the second cause of action insofar as asserted against 502 Old Country Road (*see* CPLR 3211 [a] [7]).

Finally, the third cause of action, asserted by YG Equities, was to recover damages for fraud. In support of this cause of action, YG Equities also alleged that it had relied on Ross's alleged oral promise to construct a 4,600 square-foot building on the premises. However, since that alleged oral misrepresentation conflicts in a meaningful manner with a particular provision in a written agreement that YG Equities had with 502 Old Country Road, any claim of reasonable reliance is negated (*see Bango v Naughton,* 184 AD2d 961 [1992]). Accordingly, the Supreme Court properly dismissed the third cause of action (*see* CPLR 3211 [a] [7]). Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.