■ JOHN F. ZELBER, Respondent, v ANTHONY LEWOC et al., Defendants, and ADVANTAGE EQUITY SERVICES, INC., et al., Appellants. [776 NYS2d 134]—

Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 24, 2003 in Ulster County, which, inter alia, denied a motion by defendants Advantage Equity Services, Inc. and First American Title Insurance Company of New York for summary judgment dismissing the complaint against them.

Plaintiff owned real property in Ulster County. According to him, he had an agreement with defendant Anthony Lewoc to improve and market this property and thereafter divide all profits from its sale equally. Prior to any such sale, however, plaintiff transferred all title to Lewoc without retaining any incidents of ownership to himself. This permitted Lewoc to mortgage the property for $140,000 without plaintiff's knowledge or consent and abscond with the proceeds. Plaintiff then commenced this action against Lewoc, the mortgage lender and its assignee, as well as the lender's title insurance company and the title company's agent. At issue on appeal is an order of Supreme Court which, among other things, denied a motion for summary judgment by the title insurance company and its agent.

The complaint contains three causes of action against these two defendants, namely, negligent misrepresentation,* breach of express warranty and breach of contract. Because the underlying basis of this whole dispute is plaintiff's assertion that he was totally unaware of the entire mortgage transaction, each of these causes of action must fail against these particular defendants. Simply stated, since he was not in any way a party to the loan closing, plaintiff could not have been the recipient of any representation, negligent or otherwise.

"A claim for negligent misrepresentation can only stand where there is a special relationship of trust or confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given" (*Hudson Riv. Club v Consolidated Edison Co. of N.Y.*, 275 AD2d 218, 220 [2000] [citations omitted]). The requisite special relationship has been described as "either actual privity of contract between the parties or a relationship so close as to approach that of priv-

---

* Contrary to plaintiff's assertions, our review of the complaint reveals that fraud was not alleged against these particular defendants. Even if it had been pleaded, it could not have been established.

ity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382 [1992]). Here, plaintiff not only lacked a special relationship with the moving defendants, he had no relationship with them of any kind. By plaintiff's own version of events, there was no "direct written, oral and in-person communications" between him and these defendants (*id.* at 384). For the very same reason, these defendants could not have communicated any express warranty to plaintiff, who did not attend and was otherwise a complete stranger to the loan closing. Thus, the negligent misrepresentation and breach of warranty causes of action as against these two defendants should have been dismissed.

Finally, it is clear that plaintiff could not have been a third-party beneficiary of the title insurance policy issued to the lender insuring the mortgage. To assert any rights as a third-party beneficiary of this contract, plaintiff had to establish that he was an *intended* beneficiary of the agreement. It is insufficient for him to argue that the title insurance policy, if enforced, may have inured to his benefit by satisfying certain judgments which had been entered against him and which were liens on the property. "A non-party may sue for breach of contract only if [he] is an intended, and not a mere incidental, beneficiary, and even then, even if not mentioned as a party to the contract, the parties' intent to benefit the third party must be apparent from the face of the contract" (*LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108 [2001] [citations omitted]). Since neither the title insurance company nor the lender had any record notice of plaintiff's alleged continuing interest in the property, they could not have intended to benefit him in any respect. Therefore, the breach of contract action against the title insurance company and its agent should also have been dismissed.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied the motion of defendants Advantage Equity Services, Inc. and First American Title Insurance Company of New York; motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.