■ MICHAEL J. RUFFINO, Respondent, v JOSEPH B. NEIMAN, M.D., et al., Appellants. [794 NYS2d 228]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered July 9, 2004. The order, insofar as appealed from, granted in part the cross motion of plaintiffs for leave to amend the complaint and denied the cross motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, plaintiff's cross motion is denied in its entirety, defendants' cross motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action asserting causes of action pursuant to sections 50 and 51 of the Civil Rights Law and for breach of the physician-patient duty of confidentiality, based on allegations that Joseph B. Neiman, M.D. (defendant), a dermatologist, improperly published a newspaper advertisement containing photographs taken of plaintiff before and after hair transplant surgery performed by defendant. Plaintiff initially moved for a preliminary injunction, and defendants cross-moved for summary judgment dismissing the complaint. Plaintiff then cross-moved for leave to amend the complaint by, inter alia, seeking punitive damages in addition to compensatory damages. In its decision, Supreme Court noted that plaintiff had withdrawn his motion for a preliminary injunction, and the court granted that part of plaintiff's cross motion seeking leave to amend the complaint to seek punitive damages for the alleged breach of the physician-patient duty of confidentiality and denied defendants' cross motion. We reverse the order insofar as appealed from.

According to plaintiff's affidavit, defendant's nurse asked plaintiff to sign a "Consent to Use of Picture" before he underwent his second hair transplant surgery, and he did so. That document provides in pertinent part: "I hereby irrevocably consent that my picture or portrait of me, or of any part of me, or reproductions therefore [sic], may be used by [defendant] and his associates, for such purposes as he may desire in connection with his research, writing, and professional activities, and may be used, exhibited, and published through any medium whatsoever as part of or in connection with his research, writing, and professional activities, even though such use may be for advertising purposes of trade." Plaintiff further avers that he signed that consent form only after having been assured by both defendant and his nurse that the photographs would not be published or used "outside of the office." Defendant and his nurse submitted affidavits in which they denied having made any such assurances.

The court erred in determining that the conflicting affidavits raise a triable issue of fact whether plaintiff validly consented to defendants' use of the photographs of him for advertising. The written consent signed by plaintiff is facially sufficient to authorize such use if validly executed (*see* Civil Rights Law §§ 50, 51; *Shields v Gross*, 58 NY2d 338, 344 [1983], *rearg denied* 59 NY2d 762 [1983]; *see generally Rea v Pardo*, 132 AD2d 442, 445-446 [1987]), and thus plaintiff's action must fail unless, as plaintiff contends, the written consent was procured by fraud or misrepresentation.

We conclude that, although there is an issue of fact concerning whether plaintiff was assured that the photographs would not be published outside of defendants' office, plaintiff cannot in any event avoid the consequences of his written consent. Reasonable reliance on the alleged misrepresentations is a necessary element of both fraudulent and negligent misrepresentation (*see C-Kitchen Assoc., Inc. v Travelers Ins. Co.*, 11 AD3d 961 [2004]; *Zelber v Lewoc*, 6 AD3d 1043, 1044 [2004]; *Old Clinton Corp. v 502 Old Country Rd.*, 5 AD3d 363, 365 [2004]; *H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 969 [2001]) and, where the alleged misrepresentations conflict with the terms of a written agreement, there can be no reasonable reliance as a matter of law (*see C-Kitchen Assoc.*, 11 AD3d at 961-962; *Old Clinton Corp.*, 5 AD3d at 365; *Daily News v Rockwell Intl. Corp.*, 256 AD2d 13, 14 [1998], *lv denied* 93 NY2d 803 [1999]). Here, the alleged misrepresentations of defendant and his nurse directly conflict with the terms of the written consent and thus plaintiff "cannot be said to have justifiably relied on the alleged misrepresentation[s]" (*C-Kitchen Assoc.*, 11 AD3d at 962). Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.