Hoffend & Sons, Inc., Respondent-Appellant, v Rose & Kiernan, Inc., et al., Appellants-Respondents. [796 NYS2d 790]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered October 19, 2004. The order denied defendants' motion for summary judgment dismissing the amended complaint, denied those parts of plaintiff's cross motion seeking partial summary judgment and leave to amend the amended complaint by adding an additional cause of action, and granted that part of the cross motion seeking leave to amend the ad damnum clause.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion, dismissing the amended complaint and dismissing the cross motion insofar as it seeks leave to amend the ad damnum clause and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against defendant Rose & Kiernan, Inc. (R&K), its bonding and insurance broker, and defendant Mark C. Nickel, the senior vice-president of R&K. The amended complaint alleges that defendants failed to procure insurance coverage for damage sustained to the work product of plaintiff during its installation of theatrical stage and rigging equipment in Argentina on October 5, 2000. Four causes of action concern the alleged failure to procure insurance: the first and fifth are for negligence, the second is for breach of fiduciary duty, and the third is for breach of contract. In addition, the amended complaint asserts a cause of action for fraud, based

on alleged misrepresentations by defendants that the damage was covered by insurance and that plaintiff would be indemnified for its loss. Defendants moved for summary judgment dismissing the amended complaint, and plaintiff cross-moved for partial summary judgment on liability on the negligence causes of action. In addition, plaintiff sought leave to amend the amended complaint by adding a cause of action for negligent misrepresentation with respect to defendants' alleged representations of coverage and pending payment following the loss, and by increasing the ad damnum clause from $1,000,000 to $15,000,000. Supreme Court denied defendants' motion and granted only that part of plaintiff's cross motion with respect to the ad damnum clause. We conclude that the court should have granted defendants' motion and properly denied those parts of plaintiff's cross motion for partial summary judgment on liability on the negligence causes of action and for leave to amend the amended complaint to add a cause of action for negligent misrepresentation. We therefore further conclude that plaintiff's cross motion with respect to the ad damnum clause should be dismissed as moot. Thus, we modify the order accordingly.

Addressing first the cause of action for breach of fiduciary duty, we note that, because as a general rule there is no fiduciary relationship between a broker and its customer, that cause of action against Nickel and R&K must be dismissed (*see Busker on the Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]; *Barco Auto Leasing Corp. v Montano*, 215 AD2d 617, 618 [1995]; *see generally Chase Scientific Research v NIA Group*, 96 NY2d 20, 30 [2001]). With respect to the negligence and breach of contract causes of action, which as previously noted are based on the failure to procure insurance, we conclude that plaintiff raised triable issues of fact whether its Chief Executive Officer, Donald Hoffend (Hoffend), made a specific request for foreign builder's risk coverage with respect to the Argentina project and whether the relationship between the parties and conversations between Hoffend and Nickel gave rise to a special relationship obligating defendants to procure such coverage (*see Shenorock Shore Club v Rollins Agency*, 270 AD2d 330, 331 [2000]; *see generally Murphy v Kuhn*, 90 NY2d 266 [1997]). Nevertheless, we conclude that the subject causes of action are barred by plaintiff's receipt of the Traveler's Property Casualty inland marine policy in January 2000, nine months before the October 5, 2000 loss. Pursuant to the terms of that policy, the coverage territory was limited to the United States, Puerto Rico and Canada. Plaintiff is charged with " 'conclusive presumptive knowledge of the terms and limits of [the policy],' " thus "defeating [its causes of action for negligence and breach of

contract] as a matter of law" (*Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790-791 [2001], *lv denied* 97 NY2d 604 [2001]; *see Laconte v Bashwinger Ins. Agency*, 305 AD2d 845, 846 [2003]; *see also Nicholas J. Masterpol, Inc. v Travelers Ins. Cos.*, 273 AD2d 817, 818 [2000]; *M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 12 [1999]).

The court properly denied that part of plaintiff's cross motion seeking leave to amend the amended complaint to add a cause of action for negligent misrepresentation on the ground that the proposed cause of action was meritless, but the court erred in failing to grant that part of defendants' motion with respect to the fraud cause of action, which is equally meritless. "Reasonable reliance on the alleged misrepresentations is a necessary element of both fraudulent and negligent misrepresentation" (*Ruffino v Neiman*, 17 AD3d 998, 1000 [2005]; *see Old Clinton Corp. v 502 Old Country Rd.*, 5 AD3d 363, 365 [2004]; *H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 969 [2001]). Here, neither the Traveler's inland marine policy nor the liability policy issued to and received by plaintiff covered the subject loss. Moreover, plaintiff received further notice of those facts in the reservation of rights letter issued by the liability insurance carrier in November 2000 with respect to its policy. Under these circumstances, it cannot be said that plaintiff reasonably relied on the alleged misrepresentations that there was coverage and that payment would be made (*see Greater N.Y. Mut. Ins. Co. v White Knight Restoration*, 7 AD3d 292, 293 [2004]; *H & R Project Assoc.*, 289 AD2d at 969; *Prestige Foods v Whale Sec. Co.*, 243 AD2d 281, 282 [1997]). Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.