■ Gui's Lumber & Home Center, Inc., Appellant, v Pennsylvania Lumbermens Mutual Insurance Company et al., Respondents. [864 NYS2d 818]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered April 10, 2007. The order granted defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from the collapse of a building on its property during a snowstorm. According to plaintiff, defendant Pennsylvania Lumbermens Mutual Insurance Company (PLM), its commercial property insurance carrier, and defendant Ulrich & Company, Inc. (Ulrich), the agent that obtained commercial property coverage from PLM for plaintiff, were negligent because defendants "knew or should have known that [the] commercial lines policy [procured by Ulrich from PLM] did not insure all of the buildings owned by plaintiff" at the location in question. Supreme Court properly granted defendants' respective motions for summary judgment dismissing the complaint.

We note at the outset that plaintiff improperly included in the record on appeal papers offered in connection with its motion to settle the record. The court denied plaintiff's motion, and no appeal was taken from the order denying plaintiff's motion to settle the record to include the additional papers. We thus do not consider those papers, inasmuch as the record on appeal is properly limited to those papers that were before the court in deciding the motions for summary judgment dismissing the complaint (*see* CPLR 5526; *Simandle v Miller Equip. Corp.* [appeal No. 2], 193 AD2d 1101 [1993]).

Turning to the merits, we conclude that the action against Ulrich is barred by plaintiff's receipt of the PLM policy, which was procured for plaintiff by Ulrich from PLM prior to the collapse of the building. The express terms of that policy provide that PLM did not insure the collapsed building at the time of the loss, and "[p]laintiff is charged with conclusive presumptive knowledge of the terms and limits of [the policy], thus defeating [its action for negligence against Ulrich] as a matter of law" (*Hoffend & Sons, Inc. v Rose & Kiernan, Inc.,* 19 AD3d 1056, 1057-1058 [2005], *affd on other grounds* 7 NY3d 152 [2006] [internal quotation marks omitted]). In light of our determination with respect to Ulrich, we need not address the contentions of plaintiff that it made a specific request to Ulrich for coverage with respect to the collapsed building, or that there was a special relationship between Ulrich and plaintiff obligating Ulrich to procure coverage for plaintiff for that structure.

We likewise conclude that plaintiff's receipt of the PLM policy bars the action against PLM, inasmuch as "[p]laintiff had conclusive presumptive knowledge of the terms of the policy prior to the loss and took no action to close the gap in coverage" (*Nicholas J. Masterpol, Inc. v Travelers Ins. Cos.,* 273 AD2d 817, 818 [2000]). Plaintiff's contention that the PLM policy should be reformed to provide coverage for the collapsed build-

ing is raised for the first time on appeal and is therefore not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.