■ JULES R. OBOMSAWIN et al., Doing Business as BEAVER CREEK CONSTRUCTION SERVICES, Appellants, v BAILEY, HASKELL & LALONDE AGENCY, INC., Also Known as BAILEY AND HASKELL ASSOCIATES, INC., Respondent. [924 NYS2d 878]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered August 4, 2010. The order granted the motion of defendant to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs own a small business that they operate out of a barn on their residential property. Defendant procured commercial general liability insurance coverage and supplemental commercial inland marine insurance coverage for two pieces of heavy equipment used for the business, and another insurance agent obtained first-party property damage coverage for plaintiffs' personal and business property. A fire thereafter destroyed the barn and its contents, including the property of plaintiffs' customers. The loss sustained by plaintiffs was not fully covered under the commercial general liability or property damage policies, and they commenced this action alleging negligence, breach of contract and negligent misrepresentation based upon defendant's alleged failure to provide appropriate advice with respect to their insurance needs and to secure sufficient coverage for their business property and the property of their customers.

Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint. "[A]n insurance agent's duty to its customer is generally defined by the nature of the customer's request for coverage" (*M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 11 [1999]; *see Madhvani v Sheehan*, 234 AD2d 652, 654 [1996]). "Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide[ ] or direct a client to obtain additional coverage" (*Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 393 [2006], *lv denied* 8 NY3d 808 [2007]; *see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Chaim v Benedict*, 216 AD2d 347 [1995]). Here, defendant met its initial burden on the motion by submitting evidence establishing that plaintiffs never made a specific request for additional coverage and that the services it provided to plaintiffs did not give rise to a special relationship (*see Loevner*, 35 AD3d at 393; *M & E Mfg. Co.*, 258 AD2d at 12-13). The affidavit of plaintiff Robbin Obomsawin submitted in opposition to the motion is insufficient to raise a triable issue of fact (*see generally Loevner*, 35 AD3d at 393).

In view of our determination, we do not address the alterna-

tive ground upon which the court granted defendant's motion, i.e., that the action is time-barred. Present—Scudder, P.J., Fahey, Lindley, Green and Gorski, JJ.