# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**398**
**CA 11-01905**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

SARAH RADFORD, DOING BUSINESS AS DEWITT CELLULAR,
PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

PEERLESS INSURANCE COMPANY, ET AL., DEFENDANTS,
AND LADD'S AGENCY, INC., DEFENDANT-RESPONDENT.

---

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFF-APPELLANT.

KEIDEL, WELDON & CUNNINGHAM, LLP, SYRACUSE (LORI A. EATON OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered June 6, 2011. The order granted the motion of defendant Ladd's Agency, Inc. for summary judgment dismissing the amended complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action seeking damages for, inter alia, breach of contract, plaintiff contends that Supreme Court erred in granting the motion of defendant Ladd's Agency, Inc. (Ladd) for summary judgment dismissing the amended complaint against it. We reject that contention.

The amended complaint contains claims against Ladd under theories of negligence, breach of contract, negligent misrepresentation and breach of fiduciary duty, arising from Ladd's alleged failure to procure certain insurance coverage on plaintiff's behalf. Addressing first the negligent misrepresentation claim, it is well settled that "liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (*Kimmell v Schaefer*, 89 NY2d 257, 263; *see Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 578; *Murphy v Kuhn*, 90 NY2d 266, 270). Here, plaintiff does not contend that Ladd possessed unique or specialized expertise. We conclude that the court properly granted Ladd's motion with respect to the negligent misrepresentation and breach of fiduciary duty claims because Ladd met its initial burden by establishing that it did not have a special relationship with plaintiff and that it did not owe a fiduciary duty to plaintiff (*see*

*Murphy*, 90 NY2d at 270-272; *Sawyer v Rutecki*, 92 AD3d 1237, ___; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and plaintiff failed to raise a triable issue of fact in opposition (*see Obomsawin v Bailey, Haskell & Lalonde Agency, Inc.*, 85 AD3d 1566, 1567, *lv denied* 17 NY3d 710; *see generally Zuckerman*, 49 NY2d at 562).

The court also properly granted those parts of the motion with respect to the negligence and breach of contract claims against Ladd because there was no special relationship between plaintiff and Ladd (*see Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 158, *affg* 19 AD3d 1056; *Sawyer*, 92 AD3d at ___; *Obomsawin*, 85 AD3d at 1567). Furthermore, plaintiff did not make a specific request for coverage beyond that which Ladd procured for her (*see Obomsawin*, 85 AD3d at 1567). Contrary to plaintiff's contention, her "general request for [additional] coverage will not satisfy the requirement of a specific request for a certain type of coverage" (*Hoffend & Sons, Inc.*, 7 NY3d at 158). Finally, those claims are barred by plaintiff's receipt of the amended insurance policy prior to the loss (*see Gui's Lbr. & Home Ctr., Inc. v Pennsylvania Lumbermens Mut. Ins. Co.*, 55 AD3d 1389, 1390; *Hoffend & Sons, Inc.*, 19 AD3d at 1057-1058; *cf. Page One Auto Sales, Inc. v Brown & Brown of N.Y.*, 83 AD3d 1482, 1483).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court