Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered January 11, 2011. The order granted the motion of defendant CH Insurance Brokerage Services, Co., Inc. for summary judgment dismissing the amended complaint against it.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this action alleging, inter alia, negligence and breach of contract in connection with business interruption coverage that CH Insurance Brokerage Services, Co., Inc. (defendant) obtained for plaintiffs from former defendant, Peerless Insurance Company, for which defendant the Netherlands Insurance Company was substituted by stipulation of the parties after the action was commenced. We conclude that Supreme Court properly granted defendant’s motion for summary judgment dismissing the amended complaint against it, but our reasoning differs from that of the court. Contrary to the court’s determination, we agree with plaintiffs that defendant failed to establish its entitlement to judgment dismissing the amended complaint on the ground that no special relationship existed between defendant and plaintiffs (see generally Murphy v Kuhn, 90 NY2d 266, 271 [1997]). In support of its motion, defendant submitted the deposition testimony of Deborah Voss (plaintiff), the sole shareholder and principal of the corporate plaintiffs, stating that defendant’s representative reviewed, inter alia, the types of businesses to be insured as well as sales figures, and that he thereafter presented her with a proposal for insurance coverage, which included $75,000 per incident for business interruption insurance. When plaintiff questioned whether the amount was sufficient, defendant’s representative assured her that it was and that defendant would review the coverage annually and recommend adjustments as the businesses grew. Thus, we conclude that defendant’s own submission supports the contention that plaintiff relied upon *1544 defendant’s expertise and assurance regarding the appropriate level of insurance to protect the corporate plaintiffs in the event of a loss (cf. Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 157-158 [2006]).
As noted, however, we nevertheless conclude that the court properly granted defendant’s motion. The commercial building that housed the corporate plaintiffs, as well as a corporate tenant, was damaged on three separate occasions in connection with water leaking from the roof, which caused a portion of the roof to collapse on two of those occasions. The first two incidents occurred while the limit for business interruption coverage was $75,000, and the third incident occurred after the policy was renewed and the coverage for business interruption had been reduced to $30,000. Plaintiffs alleged in their amended complaint and supplemental bill of particulars that defendant failed to provide adequate coverage and was negligent in reducing the coverage. However, the renewed policy was in effect for approximately nine months at the time of the third loss, and ££[p]laintiff[s are] charged with conclusive presumptive knowledge of the terms and limits of [the policy]” (Hoffend & Sons, Inc., 19 AD3d 1056, 1057 [2005], affd on other grounds 7 NY3d 152 [2006] [internal quotation marks omitted]). Thus, the cause of action against defendant for negligence and breach of contract with respect to the reduced policy limit is defeated as a matter of law (see id. at 1057-1058). Indeed, plaintiff admitted that she knew that the policy limit had been reduced from $75,000 to $30,000 and that, although she had contacted defendant to question the reduction, she did not hear back from defendant’s representative and did not again contact defendant’s representatives.
We note that plaintiff testified at her deposition that plaintiffs received only $3,197 on the claim for business interruption for the first incident and $30,000 for the second incident, and that no funds were paid on the claim for business interruption for the third incident. Plaintiff testified that, if the policy limit of $75,000 had been paid in a timely manner for each of the first two incidents, the plaintiff corporations would have remained operational. We therefore conclude that, even in the event that defendant negligently failed to obtain sufficient business interruption coverage for plaintiffs, any such negligence is not a proximate cause of plaintiffs’ damages as a matter of law (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784, 829 [1980]).
All concur except Garni, J., who dissents and votes to reverse in accordance with the following memorandum.