# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

678

CA 12-02300

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

5 AWNINGS PLUS, INC., FORMERLY KNOWN AS PORTAGE
HOUSE MOTEL, INC., PLAINTIFF-RESPONDENT,

                     V                           MEMORANDUM AND ORDER

MOSES INSURANCE GROUP, INC., DEFENDANT-APPELLANT.

---

KEIDEL, WELDON & CUNNINGHAM, LLP, SYRACUSE (DARREN P. RENNER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered February 17, 2012. The order denied the motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Defendant, who was the insurance agent for nonparty Awnings Plus, Inc. (API), procured workers' compensation insurance for API through the New York State Insurance Fund (NYSIF). After plaintiff purchased some of the assets of API, API ceased doing business and defendant offered to procure workers' compensation insurance for plaintiff. According to plaintiff, defendant advised plaintiff to execute an assignment of interest agreement transferring the NYSIF workers' compensation policy from API to plaintiff. Unbeknownst to plaintiff, API owed premiums on the NYSIF policy in the amount of $12,000 and, in July 2009, NYSIF commenced an action against plaintiff seeking to collect the monies due from API. Plaintiff ultimately paid $11,061.24 to NYSIF. Plaintiff thereafter commenced this breach of contract and negligence action in November 2011 seeking to recover from defendant the monies it paid to NYSIF. Plaintiff asserted that defendant prepared the assignment of API's insurance policy, that defendant knew or should have known at that time that API owed premiums on the assigned policy, and that defendant should have "advise[d] plaintiff of the implications of the assignment." Defendant moved to dismiss the complaint, and Supreme Court denied the motion.

We agree with defendant that the court erred in denying that part of the motion to dismiss the negligence cause of action on statute of

limitations grounds.  It is well settled that a cause of action accrues "when all [of] the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (*Ackerman v Price Waterhouse*, 84 NY2d 535, 541).  "In most cases, this accrual time is measured from the day an actionable injury occurs, 'even if the aggrieved party is then ignorant of the wrong or injury' " (*McCoy v Feinman*, 99 NY2d 295, 301, quoting *Ackerman*, 84 NY2d at 541; *see Brooks v AXA Advisors, LLC* [appeal No. 2], 104 AD3d 1178, 1180, *lv denied ___* NY3d ___ [June 25, 2013]).  Here, the injury to plaintiff, i.e., plaintiff's financial responsibility for API's debt, occurred on April 3, 2007, which is the date that it executed the assignment.  As plaintiff acknowledges in the complaint, API "owed money on th[e] policy *at the time the assignment was executed*" (emphasis added).  The assignment provides that, "upon the acceptance of th[e] agreement," i.e., April 3, 2007, the "assignee agrees to . . . assume all obligations [in the policy] . . . , including liability and responsibility for the payment of any premiums or additional premiums."  Thus, by signing the assignment, plaintiff became responsible for monies API owed on the policy and therefore sustained an actionable injury on the date it executed the assignment (*see generally McCoy*, 99 NY2d at 305).  In other words, upon the execution of the assignment, which shifted liability for arrears in policy premiums from API to plaintiff, plaintiff's damages were "sufficiently calculable to permit plaintiff to obtain prompt judicial redress of that injury" and plaintiff therefore had a "complete cause of action" (*id.*).

The fact that plaintiff may not have learned of the amount owed until July 2009, i.e., the date on which NYSIF commenced the action against it, does not alter the analysis for statute of limitations purposes (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94; *see also One Beacon Ins. v Terra Firma Constr. Mgt. & Gen. Contr., LLC*, 2004 WL 369273, at *3).  Thus, plaintiff's negligence cause of action is barred by the three-year statute of limitations set forth in CPLR 214, and the court erred in denying that part of the motion to dismiss that cause of action (*see generally Cappelli v Berkshire Life Ins. Co.*, 276 AD2d 458, 459).

We further agree with defendant that the court erred in denying that part of its motion to dismiss the breach of contract cause of action because plaintiff failed to state a claim upon which relief may be granted.  " '[A]n insurance agent's duty to its customer is generally defined by the nature of the customer's request for coverage' " (*Obomsawin v Bailey, Haskell & LaLonde Agency, Inc.*, 85 AD3d 1566, 1567, *lv denied* 17 NY3d 710).  " 'Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide[ ] or direct a client to obtain additional coverage' " (*id.*; *see Murphy v Kuhn*, 90 NY2d 266, 270).  "To set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy" (*American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d 730, 735, *rearg denied* 20 NY3d 1044).  "A general request for coverage

will not satisfy the requirement of a specific request for a certain type of coverage" (*Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 158; *see Radford v Peerless Ins. Co.*, 93 AD3d 1354, 1355; *Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790, *lv denied* 97 NY2d 604; *M & E Mfg. Co. v Frank H. Reis, Inc.*, 258 AD2d 9, 12; *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580, 581).

Here, plaintiff requested only that defendant procure the "best policy value" for plaintiff's workers' compensation coverage.  This is "the very kind of request that has been repeatedly held to be insufficient" to trigger a special duty requiring defendant to advise plaintiff concerning its insurance coverage (*Catalanotto*, 285 AD2d at 790).  Defendant procured workers' compensation coverage for plaintiff through the assignment of API's policy.  As noted above, the assignment itself indicated that plaintiff would be responsible "for the payment of any premiums or additional premiums . . . which may become due on account of this policy up to the effective date of this assignment of interest agreement."  Plaintiff has thus failed to state a breach of contract cause of action because there was no specific request for coverage that defendant failed to meet (*see generally American Bldg. Supply Corp.*, 19 NY3d at 735).

We therefore reverse the order, grant defendant's motion, and dismiss the complaint.

Entered:  July 19, 2013                          Frances E. Cafarell
                                                  Clerk of the Court