*480 Plaintiff commenced the action less than five months after defendant purchased the premises and assumed the lease, alleging that defendant has failed to remediate the “derelict” and “war-torn appearance” of the premises, in breach of various provisions of the lease. The complaint alleges, inter aha, that “more than four years” after a gut-level renovation was commenced in 2007, the lobby “continues to appear derelict, forbidding and abandoned,” the walls “continue to be raw,” and “[m]ost of the elevators do not work.” Plaintiff seeks $2 million in compensatory damages, as well as punitive damages and “full prospective and retroactive rent abatement.”
To the extent plaintiff seeks damages relative to the period of time predating defendant’s ownership, its claim is “flatly contradicted” by the documentary evidence (see Baystone Equities v Gerel Corp., 305 AD2d 260 [1st Dept 2003]). Section 25.03 of the lease unequivocally provides that “under no circumstances shall the [lessor] ... be (a) liable for any act, omission or default of any prior landlord; or (b) subject to any offsets, claims or defenses which [t]enant might have against the prior landlord.” This interpretation of section 25.03 of the lease is supported by other documentary evidence, including the assumption and assignment, which provides that defendant “hereby accepts the foregoing assignment of the Leases and assumes the obligations with respect thereto arising or first becoming due and payable on or after the date hereof ’ (emphasis added).
There is no conflict between section 25.03 and section 22.01, which provides that in the event of a transfer of title, the lease shall be deemed to run with the land and the transferee agrees to “assume” and “carry out any and all such covenants, obligations and liabilities of Landlord hereunder.” By its explicit language, section 25.03 — which is prefaced by the statement “[a]nything herein contained to the contrary notwithstanding” — trumps section 22.01. Plaintiffs attempts to limit the applicability of section 25.03 to lessors under a ground lease, or successors via an acquisition under a mortgage foreclosure, ignore key disjunctive language that section 25.03 encompasses any “purchaser, assignee or lessee, as the case may be.”
We accordingly reverse and dismiss the complaint to the extent indicated. Concur — Friedman, J.P., Acosta, Renwick, Manzanet-Daniels and Gische, JJ.