Colling Enters., LLC v United Frontier Mut. Ins. Co. (2021 NY Slip Op 03682)





Colling Enters., LLC v United Frontier Mut. Ins. Co.


2021 NY Slip Op 03682


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


109 CA 20-00757

[*1]COLLING ENTERPRISES, LLC, PLAINTIFF-RESPONDENT-APPELLANT,
v
UNITED FRONTIER MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT-RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JAMES J. GRABER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 20, 2020. The order denied defendant's motion for summary judgment and denied plaintiff's cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion and dismissing the complaint and as modified the order is affirmed without costs.
Memorandum: Plaintiff, following a fire at a building that it owned, commenced this action to recover damages allegedly owed to it under a fire insurance policy issued by defendant. We agree with defendant on its appeal that Supreme Court erred in denying its motion for summary judgment dismissing the complaint, and we therefore modify the order accordingly. Here, "the clear and unambiguous language of the policy exclud[ed] coverage if plaintiff's building was vacant for 60 consecutive days prior to the loss, and the record establishes that the building was vacant within the meaning of the policy for the requisite period" (Nicholas J. Masterpol, Inc. v Travelers Ins. Cos., 273 AD2d 817, 817 [4th Dept 2000]). Plaintiff had "conclusive presumptive knowledge of the terms of the policy prior to the loss and took no action to close the gap in coverage resulting from the exclusion for vacancy" (id. at 818; see Gui's Lbr. & Home Ctr., Inc. v Pennsylvania Lumbermens Mut. Ins. Co., 55 AD3d 1389, 1390 [4th Dept 2008]). The cases upon which plaintiff relies are inapposite because, here, the policy was undisputedly valid when it was delivered (cf. Short v Home Ins. Co., 90 NY 16, 20 [1882]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court