■ In the Matter of JAMES J., II, an Infant. GWENDOLYN T., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [616 NYS2d 827] —Order unanimously affirmed with-

out costs. Memorandum: Initially, we note that respondent's notice of appeal is premature because it was filed before the entry of the order from which the appeal is taken *(see, Spano v County of Onondaga,* 170 AD2d 974, *lv denied* 77 NY2d 809, *lv dismissed* 77 NY2d 989; *Matter of Wayne M. v Francis N.,* 154 AD2d 837, 839). Nevertheless, in the exercise of our discretion and in the interest of judicial economy, we address the merits of the appeal *(see,* CPLR 5520 [c]; *Spano v County of Onondaga, supra).*

Family Court properly concluded that petitioner met its burden of proving by clear and convincing evidence that respondent, by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for her child and that it is likely that the child would be in danger of becoming a neglected child if he were placed in respondent's care and custody *(see,* Social Services Law § 384-b [4] [c]; [6] [a]; *Matter of Joseph R.,* 191 AD2d 1034; *Matter of Bryant S.,* 188 AD2d 1078; *Matter of Stephen B.,* 176 AD2d 1204, *lv denied* 79 NY2d 752, *appeal dismissed* 79 NY2d 914). The examining psychiatrist gave uncontradicted testimony that respondent has suffered from paranoid schizophrenia for at least 20 years and that she fails to understand her mental illness or her need for medication. Additionally, he testified that respondent's prognosis for a long-term stable level of rational performance is poor. Respondent failed to proffer any evidence to the contrary. (Appeal from Order of Erie County Family Court, Dillon, J.—Termination of Parental Rights.) Present—Pine, J. P., Balio, Fallon, Callahan and Davis, JJ.