■ Sergio A. Perez, Respondent, v Patrice S. Perez, Appellant. (Appeal No. 2.) [659 NYS2d 642] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Following an evidentiary hearing, Supreme Court granted plaintiff's motion to modify the joint custody arrangement in the parties' judgment of divorce to provide that the primary physical residence of the parties' 10-year-old daughter would be transferred from defendant to plaintiff. That custody determination, " 'based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Matter of Hill v Rogers*, 213 AD2d 1079).

We conclude that the court's determination is in the child's best interests (*see generally, Eschbach v Eschbach*, 56 NY2d 167, 171). The record establishes that both parties offer a sup-

portive, nurturing, and loving environment for the child. It also establishes that defendant has consistently made derogatory and disparaging remarks about plaintiff, denied plaintiff telephone contact with the child, interfered with plaintiff's visitation with the child and interrogated the child regarding her visitations with plaintiff. By interfering with the child's relationship with plaintiff, defendant acted contrary to the best interests of the child (*see, Young v Young*, 212 AD2d 114, 122). Indeed, her actions " 'raise a strong probability that [defendant] is unfit to act as custodial parent' " (*Daghir v Daghir*, 82 AD2d 191, 194, *affd* 56 NY2d 938). The record further establishes that defendant's conduct has greatly upset the child. Thus, the attitude of defendant toward plaintiff is shown to have "substantially interfere[d] with her ability to place the needs of the [child] before her own in fostering a continued relationship with the noncustodial parent" (*Janecka v Franklin*, 150 AD2d 755, 757). The court's determination to modify the custodial arrangement is further supported by the child's expressed preference to live with plaintiff because of defendant's constant interrogation concerning visitation with plaintiff (*see generally, Kavanakudiyil v Kavanakudiyil*, 203 AD2d 250, 252).

The fact that this custody determination results in the separation of the child from her 18-year-old sister does not alter the result. The child's sister has refused to have a relationship with plaintiff, and thus the best interests of the children warrant their residence with different parents (*see, Matter of Bilodeau v Bilodeau*, 161 AD2d 906; *Wurm v Wurm*, 87 AD2d 590, 591, *appeal dismissed* 56 NY2d 886).

We further conclude that the court did not abuse its discretion in refusing to direct a psychological evaluation of the child in the absence of proof that she displayed significant emotional problems (*see, Matter of Paul C. v Tracy C.*, 209 AD2d 955). The court also did not abuse its discretion in limiting the introduction of evidence of domestic violence during the parties' marriage in this postdivorce custody proceeding.

We reject defendant's contention that the court erred in modifying the divorce decree by suspending plaintiff's obligation to pay child support for the parties' older child until further order of the court. The record is replete with evidence that the older child has refused to visit with plaintiff or to have any relationship with him. Because the older child, "a minor of employable age and in full possession of her faculties," has voluntarily refused to have a relationship with plaintiff, she has forfeited her right to support from him (*Mat-*

*ter of Roe v Doe*, 29 NY2d 188, 192; *see, Basi v Basi*, 136 AD2d 945, 947, *lv dismissed* 72 NY2d 952).

We agree with defendant, however, that the court's directive that she pay $100 per week in child support to plaintiff for the younger child must be vacated. The record establishes that the court failed to determine defendant's child support obligation pursuant to the relevant provisions of the Domestic Relations Law (*see,* Domestic Relations Law § 240 [1-b] [b] [3]; [c] [2], [3]; [f]; *Matter of DeVoe v Erck,* 226 AD2d 1111; *Riseley v Riseley,* 208 AD2d 132, 134-136). We therefore modify the order by deleting from the fourth ordering paragraph the directive that defendant pay plaintiff $100 per week child support for the parties' younger child and remit the matter to Supreme Court to redetermine defendant's child support obligation. We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Custody.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.