FOURTH DEPARTMENT, JUNE, 2004

(June 14, 2004)

■ In the Matter of WILLIAM T. McTIGHE, Respondent, v LISA A. PEARL, Appellant. In the Matter of LISA A. PEARL, Appellant, v WILLIAM T. McTIGHE, Respondent. [778 NYS2d 588]—

Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, Referee), entered April 21, 2003 in proceedings pursuant to Family Ct Act article 6. The order dismissed the mother's cross petition, granted the father's cross petition, awarded sole custody and primary physical residence of the parties' child to the father and visitation to the mother.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Pursuant to a separation agreement, petitioner-respondent, William T. McTighe (petitioner), and respondent-petitioner, Lisa Andel Pearl (respondent), had joint custody of their child with primary physical residence with respondent. Petitioner commenced this proceeding to enforce visitation, and respondent cross-petitioned for sole custody. The parties and the Law Guardian stipulated that the matter would be decided by a referee. Thereafter, but prior to trial, petitioner also cross-petitioned for sole custody. Contrary to respondent's contention, the record supports the Referee's determination that it was in the best interests of the child to award sole custody of the child to petitioner because of respondent's efforts

to exclude petitioner from the child's life and respondent's repeated attempts to sabotage that parent-child relationship (*see Matter of Quarantillo v Grainge,* 272 AD2d 994 [2000]; *Perez v Perez,* 239 AD2d 868, 868-869 [1997]). We reject respondent's contention that the Referee did not have the authority to award sole custody to petitioner. In signing the stipulation, respondent thereby agreed that the Referee would decide all issues of custody, including petitioner's cross petition seeking sole custody. We have considered respondent's remaining contentions and conclude that they are without merit.

All concur except Scudder and Gorski, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Scudder and Gorski, JJ. (dissenting in part). We respectfully dissent in part. As the majority sets forth in its decision, petitioner-respondent, William T. McTighe (petitioner), and respondent-petitioner, Lisa Andel Pearl (respondent), had joint custody of their child pursuant to a separation agreement, with primary physical residence with respondent, and each party thereafter sought sole custody of the child. The majority fails to set forth, however, that petitioner resides in Springwater and respondent resides in Penfield and that the Referee determined that, although it was in the child's best interests to award sole custody and primary physical residence to petitioner, it was not in the child's best interests to move to Springwater. The Referee thus awarded petitioner sole custody and transferred physical custody to petitioner "upon the condition that [he] has purchased, contracted to purchase, or rented a permanent residence within the Penfield School District." In our view, that was error. The Referee's determination, "while possibly never taking effect, impermissibly purports to alter the parties' custodial arrangement automatically upon the happening of a specified[s] future event without taking into account the child['s] best interests" (*Rybicki v Rybicki,* 176 AD2d 867, 871 [1991]). Petitioner gave no indication in his testimony that he was willing to move to Penfield and, in fact, testified that, if he were awarded sole custody, his daughter would live with him in Springwater. The record establishes, therefore, that the Referee did not consider the "quality of the child's home environment and that of the parent seeking custody," inasmuch as the Referee awarded custody to petitioner based in part on petitioner's future, undetermined, residence in Penfield (*Fox v Fox,* 177 AD2d 209, 210 [1992]). We note that respondent was in effect foreclosed from contesting petitioner's request for sole custody inasmuch as she focused on the fact that petitioner resided in

Springwater and therefore contended that it was not in the child's best interests to move to Springwater. Thus, the Referee erred in determining that the existing custody arrangement should be altered without considering the facts and circumstances at the time of the proceeding (*see generally id.*).

In our view, the proper issue before the Referee was whether the existing joint custody arrangement was in the child's best interests or, instead, whether the child's best interests would be served by an award of sole custody either to respondent, who resides in Penfield, or to petitioner, who resides in Springwater. Upon our review of the facts and circumstances presented herein, we conclude that the existing joint custody arrangement with primary physical residence with respondent should have been continued.

We agree with the majority that the record establishes that respondent has attempted to exclude petitioner from the child's life and to sabotage that parent-child relationship (*see Matter of Quarantillo v Grainge,* 272 AD2d 994 [2000]; *Perez v Perez,* 239 AD2d 868, 868-869 [1997]), and thus it is not in the child's best interests to award sole custody to respondent. The record further establishes, however, that the child has attended several different schools and has had an unstable life but is nevertheless currently thriving while residing with respondent in Penfield. In addition, the child is now 14 years old and has indicated a desire to remain in Penfield with respondent. Thus, in our view, it is not in the child's best interests to award sole custody to petitioner because the child would then be required to move to Springwater. We therefore conclude that it is in the child's best interests to continue joint custody, with primary physical residence with respondent. We would modify the visitation schedule set forth in the separation agreement, however, to award more extensive visitation to petitioner and to take into account the different religions of petitioner and respondent.

We would therefore modify the order by denying the cross petitions for sole custody and vacating those parts transferring physical custody and setting forth a visitation schedule, and we would remit the matter to Family Court for further proceedings on the petition to enforce visitation and for a determination of an appropriate visitation schedule. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.