■ THOMPSON & BAILEY, LLC, et al., Appellants, v WHITMORE GROUP, LTD., Respondent, et al., Defendants. [825 NYS2d 546]—

Mercure, J.P. Appeal from an order of the Supreme Court (Hummel, J.), entered June 28, 2005 in Columbia County, which, inter alia, granted a motion by defendant Whitmore Group, Ltd. for summary judgment dismissing the complaint against it.

In November 2001, plaintiff Thompson & Bailey, LLC (hereinafter plaintiff) purchased a commercial building located in the Village of Chatham, Columbia County. Defendant Whitmore Group, Ltd. (hereinafter defendant), a licensed insurance bro-

ker, obtained insurance on the subject property for plaintiff from defendant CMS, Inc., the wholesale producer for defendant Insurance Corporation of New York (hereinafter Inscorp). The policy provided, among other things, that an inspection of the property was required. Although a visual inspection of the exterior of the property was performed in December 2001, the inspector could not gain access to the interior of the building. As a result of the refusal to allow inspection, Inscorp mailed a notice of cancellation, effective February 6, 2002, to CMS, defendant and plaintiff, in care of plaintiff's principal, James Goldman.

On December 6, 2002, the property suffered water damage and plaintiff thereafter submitted a claim to Inscorp, which denied the claim on the ground that the insurance policy had been canceled. Plaintiffs then commenced this action against defendant, CMS and Inscorp, alleging, as relevant here, breach of contract, negligence and that defendant negligently misrepresented that the policy was in effect despite the cancellation. Following joinder of issue, defendant moved for summary judgment dismissing the complaint and all cross claims against it. As relevant here, Supreme Court partially granted defendant's motion to the extent of dismissing the complaint against it.* Plaintiffs now appeal, asserting that defendant stands in the shoes of Inscorp and is therefore liable for their loss because defendant negligently failed to procure a policy and then negligently misrepresented that the insurance policy was in force when it had, in fact, been canceled. We disagree.

As plaintiff asserts, an insurance broker who negligently fails to procure a policy stands in the shoes of the insurer and is liable to the insured up to the limit of the insurance policy had it been in force (*see Soho Generation of N.Y. v Tri-City Ins. Brokers*, 256 AD2d 229, 231 [1998]). Absent a special relationship, however, while "insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so . . . , they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). The burden is on the customer to initiate, seek and obtain appropriate coverage and, " '[u]nlike a recipient of the services of a doctor, attorney or architect . . . the recipient of the services of an insurance broker is not at a substantial disad-

* Supreme Court also granted motions by CMS and Inscorp for dismissal of defendant's cross claims against them. In addition, as a result of an April 2005 settlement, the complaint evidently has been discontinued against CMS and Inscorp.

vantage to question the actions of the provider of services' " (*id.* at 271, 273, quoting *Video Corp. of Am. v Flatto Assoc.*, 85 AD2d 448, 456 [1982], *mod* 58 NY2d 1026 [1983]).

Here, plaintiff sought commercial property insurance through defendant, which procured an acceptable policy on plaintiff's behalf from Inscorp. Thus, despite the cancellation of the policy due to plaintiff's subsequent failure to arrange the inspection required by the policy on its face, defendant fulfilled its common-law duty to plaintiff (*see Murphy v Kuhn, supra* at 270; *Chase's Cigar Store v Stam Agency*, 281 AD2d 911, 912 [2001]). Contrary to plaintiff's argument that defendant negligently failed to complete procurement by facilitating the inspection, the record reveals that defendant and CMS were unable to reach the contact person to whom plaintiff referred them and plaintiff took no action despite defendant informing it twice that the inspection has not been performed. In our view, even assuming that defendant agreed to undertake additional duties with respect to the inspection required of plaintiff by the policy, it was plaintiff's failure to act that prevented completion of the inspection and plaintiff's "lack of initiative or personal indifference cannot qualify as legally recognizable or justifiable reliance" under the circumstances (*Murphy v Kuhn, supra* at 271).

Similarly lacking in merit is plaintiff's argument that it justifiably relied upon defendant's misrepresentations that the policy continued in effect beyond February 6, 2002. Initially, we note that Inscorp properly notified plaintiff by mail of the cancellation approximately 11 months prior to the incident that damaged the property (*see* Insurance Law § 3426 [b]). Moreover, defendant notified plaintiff in November 2002, prior to the loss, that it had no insurance coverage and provided plaintiff with quotes for replacement coverage, which plaintiff rejected as too expensive. Accordingly, any continued reliance by plaintiff upon defendant's earlier statements implying that the policy remained effective was not reasonable and Supreme Court properly dismissed the complaint as against defendant (*see Murphy v Kuhn, supra* at 271; *see generally Zelber v Lewoc*, 6 AD3d 1043, 1044-1045 [2004]).

We have considered plaintiffs' remaining arguments and, to the extent that they are not expressly addressed herein, reject them as lacking in merit.

Crew III, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.