In the Matter of DANIAL R.B., Appellant, v LEDYARD M. et al., Respondents. [827 NYS2d 799]—

Appeal from an order of the Family Court, Jefferson County (Hugh A. Gilbert, J.), entered June 15, 2005. The order, among other things, denied the petition to modify an order, entered February 20, 2004, which granted respondents Ledyard M. and Kathleen M. visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner contends that Family Court erred in denying that part of his petition seeking to terminate visitation between his son and Ledyard M. and Kathleen M. (respondents), his son's maternal grandparents. We reject that contention. We note at the outset that, although petitioner's notice of appeal is premature because it was filed before the entry of the order from which the appeal is taken (*see Matter of Erie County Dept. of Social Servs. v Theodore D.*, 217 AD2d 997 [1995]; *Spano v County of Onondaga*, 170 AD2d 974 [1991], *lv denied* 77 NY2d 809 [1991], *lv dismissed* 77 NY2d 989 [1991]), we nevertheless address the merits of the appeal in the exercise of our discretion and in the interest of judicial economy (*see* CPLR 5520 [c]; *Matter of James J.*, 207 AD2d 960 [1994]).

Contrary to the contention of petitioner, he failed to establish that termination of respondents' visitation rights would be in the best interests of his son because of the animosity between petitioner and respondents. "[A]nimosity between [petitioner] and [respondents] is not a proper basis for the denial of visita-

tion privileges to [respondents]" (*Matter of Weis v Rivera*, 29 AD3d 812, 813 [2006]), particularly in the absence of any evidence of "attempts [by respondents] to sabotage [the] parent-child relationship" (*Matter of McTighe v Pearl*, 8 AD3d 951, 952 [2004], *lv dismissed* 4 NY3d 739 [2004]). In any event, petitioner did not establish that the animosity between petitioner and respondents was negatively impacting his relationship with his son (*cf. id.* at 951-952). Furthermore, the record establishes that respondents have developed a meaningful relationship with their grandchild (*see Weis*, 29 AD3d at 813; *cf. Matter of Follum v Follum*, 20 AD3d 886 [2005], *lv dismissed* 5 NY3d 880, 6 NY3d 750, 891 [2005], *cert denied* 549 US —, 127 S Ct 288 [2006]). We thus agree with respondents and the Law Guardian that petitioner failed to establish that termination of respondents' visitation rights is in the best interests of his son (*see generally Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.