■ CONSUMER SOLUTIONS REO, LLC, Appellant, v JOHN A. GIGLIO et al., Respondents, et al., Defendants. [913 NYS2d 434]—

Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), dated May 26, 2009 in a foreclosure action. The order denied the motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to foreclose on a mortgage and contends on appeal that Supreme Court erred in denying its motion for summary judgment on the complaint. We note at the outset that the order on appeal and the letter from the court that accompanied it specifically direct plaintiff's attorney to file the order. Plaintiff failed to comply with that directive, however, and waited six months before it filed the notice of appeal. The notice of appeal was filed prior to the entry of the order, thus rendering the notice of appeal

premature (see *Matter of Danial R.B. v Ledyard M.*, 35 AD3d 1232 [2006]; *Spano v County of Onondaga*, 170 AD2d 974 [1991], *lv denied* 77 NY2d 809 [1991], *lv dismissed* 77 NY2d 989 [1991]). Nevertheless, we address the merits of the appeal in the exercise of our discretion and in the interest of judicial economy (see CPLR 5520 [c]; *Danial R.B.*, 35 AD3d at 1232), and we affirm for reasons stated in the decision at Supreme Court. We add only that "[w]hen a plaintiff moves for summary judgment, it is proper for the court to look beyond the defendant[s'] answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 182 [1982], *rearg denied* 57 NY2d 674 [1982]). "Consistent with the rule . . . that a defense established by the papers is sufficient though unpleaded to warrant denial of a motion for summary judgment" (*id.* at 183; see *Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1168-1169 [2003]), we agree with the court that defendants-respondents raised triable issues of fact with respect to whether plaintiff accepted payments on the mortgage after the date of the default alleged in the complaint (see generally *Citicorp Mtge. v Chen*, 237 AD2d 968 [1997]), and with respect to the defenses of waiver and estoppel (see generally *Mahopac Natl. Bank v Baisley*, 244 AD2d 466 [1997], *lv dismissed* 91 NY2d 1003 [1998]). Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.