# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**116**

**CA 11-01127**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

ANN M. SAWYER AND JEFFREY M. SAWYER,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

VICTOR RUTECKI, THE RUTECKI AGENCY AND WNY
AGENTS GROUP, INC., DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

HODGSON RUSS LLP, BUFFALO (HEATHER K. ZIMMERMAN OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

KEIDEL, WELDON & CUNNINGHAM, LLP, SYRACUSE (CHRISTOPHER B. WELDON OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 14, 2011. The judgment dismissed plaintiffs' complaint on the merits.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, the owners of an apartment building in Buffalo that was damaged in a fire, commenced this action asserting causes of action for breach of contract, breach of fiduciary duty and negligence premised upon defendants' alleged failure to notify plaintiffs that their insurance policy for the premises had been cancelled prior to the fire and their failure to procure new coverage. Victor Rutecki (defendant) was plaintiffs' insurance agent, and the remaining defendants are his associated business entities. At plaintiffs' request, defendant procured insurance for the premises from Allegany Co-Op Insurance Company (Allegany). Shortly after the subject policy was issued, Allegany sent an inspector to examine the property for underwriting purposes. Following that inspection, which revealed problems related to the condition of the property, Allegany cancelled the insurance policy. In support of their motion, defendants submitted evidence that Allegany sent a letter to plaintiffs by certified mail notifying them of the cancellation, and plaintiffs thereafter failed to obtain new coverage. Less than eight months later, the subject fire caused extensive damage to the uninsured property.

We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Although

"insurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so[,] . . . they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn*, 90 NY2d 266, 270). "Exceptional and particularized situations may arise in which insurance agents, through their conduct or by express or implied contract with customers and clients, may assume or acquire duties in addition to those fixed at common law" (*id.* at 272). For instance, where a "special relationship" develops between an agent and the insured, the agent may be held to have assumed duties in addition to merely "obtain[ing] requested coverage" (*id.* at 270). Such a special relationship may arise where "(1) the agent receives compensation for consultation apart from payment of the premiums . . . (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent . . .; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (*id.* at 272).

Here, defendants met their initial burden on the motion, and plaintiffs failed to raise a triable issue of fact to defeat it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Specifically, defendants established that defendant did not have a special relationship with plaintiffs by submitting evidence that defendant received no compensation from plaintiffs over and above the commissions he received for the insurance policies he had procured, that plaintiffs did not use defendant as their exclusive agent, and that Jeffrey M. Sawyer (plaintiff) retained final decision-making authority over what coverage to obtain. Even accepting as true plaintiffs' allegations that they informed defendant that plaintiff had health issues and that plaintiff referred to defendant as his "insurance guy," we conclude that the uncontroverted evidence establishes that the interactions between the parties "would [not] have put [an] objectively reasonable insurance agent[] on notice that [his or her] advice was being sought and specially relied on" (*Murphy*, 90 NY2d at 272). We note that plaintiffs had known defendant for only three years prior to the fire, and that defendant had obtained insurance coverage for only three of the six rental properties owned by plaintiffs.

We also reject plaintiffs' contention that defendant was negligent in failing to inform them that the policy had been cancelled. Defendant satisfied his duty to plaintiffs by procuring the Allegany policy, and no further duty was imposed on defendant based on the subsequent cancellation of the policy (*see Thompson & Bailey, LLC v Whitmore Group, Ltd.*, 34 AD3d 1001, 1002-1003, *lv denied* 8 NY3d 807). Moreover, as noted, defendants submitted evidence that Allegany notified plaintiffs of the policy cancellation by certified mail, and plaintiffs failed to overcome the presumption of receipt that attaches to such mailing (*see generally Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court