# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

636

CA 13-01675

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JOHN MAJTAN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

URBANKE ASSOCIATES, INC., DEFENDANT-APPELLANT.

---

KEIDEL, WELDON & CUNNINGHAM, LLP, SYRACUSE (STEPHEN C. CUNNINGHAM OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF GUSTAVE J. DETRAGLIA, JR., UTICA (MICHELE E. DETRAGLIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Herkimer County (Norman I. Siegel, J.) , entered June 21, 2013. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously vacated and the order dated December 30, 2011 is reversed on the law without costs, and defendant's motion for summary judgment dismissing the complaint is granted.

Memorandum: On appeal from a judgment that awarded plaintiff damages in the amount of $181,752.79 following a jury trial, defendant contends, inter alia, that Supreme Court erred in denying its pretrial motion for summary judgment dismissing the complaint. We agree. We note at the outset that, contrary to plaintiff's contention, the issue whether the court erred in denying defendant's motion is reviewable on this appeal from the final judgment (*see* CPLR 5501 [a]).

Plaintiff owned residential property in Little Falls, New York and purchased homeowner's insurance for the property through defendant, his insurance broker. Broome Co-Operative Insurance Company (Broome) issued a homeowner's insurance policy to plaintiff for the period from July 1, 2005 to July 1, 2008 and thereafter renewed it for the period from July 1, 2008 to July 1, 2011, but Broome canceled the policy as of November 1, 2008 based on the nonpayment of premiums. Plaintiff filed a claim with Broome in September 2009 when the property was damaged by fire, and Broome denied coverage based on the cancellation of plaintiff's policy on November 1, 2008. Plaintiff then commenced this action, alleging that he relied upon defendant's representation that his homeowner's insurance premium had been paid.

We agree with defendant that the court erred in denying its

motion for summary judgment dismissing the complaint, the gravamen of which is a claim for negligent misrepresentation.  An essential element of such a claim is the "duty to use reasonable care to impart correct information due to a special relationship between the parties" (*Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 795).  A special relationship may arise from "a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (*Murphy v Kuhn*, 90 NY2d 266, 272).  According to plaintiff, he had a special relationship with defendant based on a course of dealing.  We conclude that defendant met its burden on the motion, and plaintiff failed to raise an issue of fact concerning the existence of a special relationship (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  The interactions between plaintiff and defendant on which plaintiff relies " 'would [not] have put [an] objectively reasonable insurance agent[] on notice that [his or her advice] was being sought and specially relied on' " (*Sawyer v Rutecki*, 92 AD3d 1237, 1238, *lv denied* 19 NY3d 804, quoting *Murphy*, 90 NY2d at 272), such that a special relationship was formed based on a course of conduct.  Defendant therefore cannot be held liable for negligent misrepresentation based on its agent's response to an inquiry from plaintiff concerning whether his policy premium had been paid.  In view of our determination, we do not consider defendant's remaining contentions.

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court