# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**735**

**CA 14-02254**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

ESTATE OF DAVID J. KINGSTON, DECEASED, BY
EXECUTOR, MONICA KINGSTON,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KINGSTON FARMS PARTNERSHIP, ROBERT KINGSTON AND
DANIEL J. KINGSTON,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

HARTER SECREST & EMERY LLP, ROCHESTER (BRIAN M. FELDMAN OF COUNSEL),
AND RANDOLPH A. MEYER, GENESEO, FOR DEFENDANTS-APPELLANTS-RESPONDENTS.

THE LAW OFFICE OF PETER K. SKIVINGTON, PLLC, GENESEO (PETER K.
SKIVINGTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered September 3, 2014. The order granted that part of the motion of plaintiff for summary judgment with respect to the first cause of action and denied that part of the motion with respect to the second cause of action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety, and as modified the order is affirmed without costs.

Memorandum: In this action arising out of a partnership agreement among brothers, one of whom is now deceased, defendants appeal from an order insofar as it granted that part of plaintiff's motion for summary judgment on the first cause of action, for specific performance of the valuation provisions of the agreement. Plaintiff cross-appeals from the same order denying that part of her motion for summary judgment with respect to the second cause of action, for breach of contract. We conclude that Supreme Court erred in granting that part of the motion seeking summary judgment on the first cause of action, and we therefore modify the order accordingly.

Plaintiff's decedent, David J. Kingston (David), and his two brothers, defendants Robert Kingston and Daniel J. Kingston, were partners in defendant Kingston Farms Partnership (Kingston Farms) pursuant to a partnership agreement dated August 20, 1998. The partnership agreement called for the partners to conduct an annual March meeting for the purpose of determining the value of Kingston Farms (Partnership Value), and directed that if the most recent

valuation mutually agreed upon by the partners was more than 18 months old at the time of a partner's death, withdrawal, or disability, the Partnership Value would be determined by Kingston Farms' accountant using a formula set forth in the partnership agreement. It is undisputed that the partners never met in March in any year during the term of the partnership agreement, but the partners did meet each December to sign a balance sheet for Kingston Farms' line-of-credit lender, Farm Credit, including on December 19, 2011, when the Farm Credit balance sheet valued Kingston Farms at $2,995,835.

David died on November 18, 2012 and, under the terms of the partnership agreement, his estate is entitled to 90% of his one-third share of the Partnership Value as of that date. After a dispute arose over the Partnership Value, plaintiff commenced this action, alleging that because the partners did not meet each March as required by the partnership agreement, Kingston Farms' accountant must calculate the Partnership Value. Defendants responded that, because the partners met annually in December and set forth the value of Kingston Farms by signing the Farm Credit balance sheet, the amount recited on the 2011 Farm Credit balance sheet is the Partnership Value for purposes of calculating the amount owed to David's estate.

"[T]he law is abundantly clear in New York that, even where a contract specifically contains . . . a provision stating that it cannot be modified except by a writing, it can, nevertheless, be effectively modified by actual performance and the parties' course of conduct" (*Aiello v Burns Intl. Sec. Servs. Corp.*, 110 AD3d 234, 245). Waiver of a contract right through abandonment may be established by " 'affirmative conduct' " of a contract party and, "[g]enerally, the existence of an intent to forgo such a right is a question of fact" (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104).

Here, although the partnership agreement provides that the Partnership Value shall be determined in a signed writing at an annual March meeting of Kingston Farms' partners, the parties agree that the partners **never** met in March; instead, they met annually in December to sign the Farm Credit balance sheet, including in December 2011, less than a year before David's death. We therefore conclude that an issue of fact exists whether the partners, by conducting an annual meeting in December and signing thereat a writing arguably reciting the Partnership Value, modified the partnership agreement through their course of conduct. If the conduct of the partners modified the partnership agreement, there is a related, consequent issue of fact whether the Partnership Value is the amount recited on the December 2011 Farm Credit balance sheet or whether it must be calculated by Kingston Farms' accountant pursuant to the terms of the partnership agreement. Those issues of fact preclude summary judgment on the first cause of action, for specific performance of the valuation provisions of the agreement, and on the second cause of action, for breach of contract.

We reject plaintiff's contention on her cross appeal that defendants' opposition to the motion is precluded by the Dead Man's

Statute (CPLR 4519), or by the doctrine of waiver. "[E]vidence submitted . . . [that] may be excludable at trial under the Dead Man's Statute . . . is nevertheless sufficient to . . . defeat [a] motion for summary judgment" (*Lopez v Town of Gates*, 258 AD2d 961, 961), and evidence in opposition to plaintiff's motion that David agreed to the establishment of the Partnership Value by signing the Farm Credit balance sheet each December is therefore not precluded by the Dead Man's Statute. With respect to waiver, "a defense established by the papers is sufficient though unpleaded to warrant denial of a motion for summary judgment" (*Consumer Solutions Reo, LLC v Giglio*, 78 AD3d 1609, 1610 [internal quotation marks omitted]), and although defendants did not explicitly use the term "waiver" in their answer or opposition to plaintiff's motion, we conclude that, as outlined above, the evidence submitted on the motion raises issues of fact whether David waived strict adherence to the terms of the partnership agreement.

Entered:  July 2, 2015                    Frances E. Cafarell
                                          Clerk of the Court