# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**42**

**CA 16-00987**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

FRED J. NICOTERA, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF VIRGINIA
EANNACE, DECEASED, PAULINE NICOTERA,
GIOIA L. NICOTERA AND MARISA L. NICOTERA,
PLAINTIFFS-APPELLANTS,

V                                                     MEMORANDUM AND ORDER

ALLSTATE INSURANCE COMPANY, MICHAEL GARCIA
AND GARCIA INSURANCE COMPANY, INC.,
DEFENDANTS-RESPONDENTS.

---

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFFS-APPELLANTS.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ROBERT P. CAHALAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT ALLSTATE INSURANCE COMPANY.

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, WOODBURY (RICHARD LILLING OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS MICHAEL GARCIA AND GARCIA
INSURANCE COMPANY, INC.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Oneida County (David A. Murad, J.), entered January 14, 2016.
The order and judgment, among other things, granted the motions of
defendants for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  Virginia Eannace (decedent) owned a two-family home
in Utica, New York.  In 2003, ownership of the property was
transferred to an irrevocable family trust, with plaintiffs Fred J.
Nicotera and Pauline Nicotera as trustees and plaintiffs Gioia L.
Nicotera and Marisa L. Nicotera, decedent's nieces, as beneficiaries.
Decedent resided at the property until 2010, when she moved to a
nursing home.  At that time, the property was insured by a homeowner's
policy with defendant Allstate Insurance Company (Allstate) in the
name of decedent only.  On August 8, 2012, while decedent was still
alive, but residing in a nursing home, the residence was damaged by
fire.  At the time of the fire, two tenants occupied the second floor
of the residence, and Gioia occupied the first floor.  Allstate
disclaimed coverage on the ground that the named insured did not live
in the residence.  Plaintiffs commenced this action asserting causes
of action against Allstate for breach of contract and reformation of

the insurance contract and against Michael Garcia and the Garcia Insurance Company, Inc. (Garcia defendants), for negligence.  Allstate and the Garcia defendants made separate motions for summary judgment dismissing the amended complaint insofar as asserted against them, and Supreme Court granted the motions.  We affirm.

Initially, we note that the Garcia defendants correctly contend that plaintiffs' notice of appeal is premature because it was filed prior to the service of a copy of the order and judgment from which the appeal was taken with notice of entry (*see Matter of Danial R.B. v Ledyard M.*, 35 AD3d 1232, 1232; *see generally* CPLR 5513 [a]).  Nevertheless, in the exercise of our discretion and in the interest of judicial economy, we will address the merits of the appeal (*see Danial R.B.*, 35 AD3d at 1232).

Plaintiffs do not challenge the basis for Allstate's denial of coverage.  Instead, plaintiffs contend that Gioia is an insured under the policy and that Pauline is an additional insured under the policy.  We reject those contentions.  The policy covered as an insured person any member of decedent's household if such person was a relative of decedent or a dependent person in decedent's care.  Although Gioia is decedent's niece and was residing at the property at the time of the loss, she was not a resident of decedent's "household" inasmuch as decedent was not living at the subject property, but in a nursing home, at the time of the loss.  " 'The term household has been characterized as ambiguous or devoid of any fixed meaning . . . and, as such, its interpretation requires an inquiry into the intent of the parties . . . The interpretation must reflect the reasonable expectation and purpose of the ordinary business [person] when making an insurance contract . . . and the meaning which would be given it by the average [person]' " (*Farm Family Cas. Ins. Co. v Nason*, 89 AD3d 1401, 1402).  Although that term " 'should . . . be interpreted in a manner favoring coverage, as should any ambiguous language in an insurance policy' " (*id*.), we cannot interpret the policy to provide coverage when the named insured and the relative do not live in the same "household" at the time of the loss.  Furthermore, although Pauline was listed as an additional insured on the 2009 Allstate application, she is not listed as an additional insured on the declarations page of the 2012 Allstate policy.  In view of the foregoing, we conclude that the court properly granted Allstate's motion insofar as it sought dismissal of the breach of contract cause of action.

Contrary to plaintiffs' contention, the court properly granted that part of Allstate's motion seeking dismissal of the cause of action for reformation of the policy.  Although we have reformed insurance policies to properly reflect the ownership of the insured property when "ownership of the property is misdescribed [in the policy, but] the policy correctly identifies the building [or residence] that [the] defendant agreed to insure" (*DeSantis v Dryden Mut. Ins. Co.*, 241 AD2d 916, 916; *see Fahrenholz v Security Mut. Ins. Co.* [appeal No. 2], 32 AD3d 1326, 1327; *Crivella v Transit Cas. Co.*, 116 AD2d 1007, 1008), "ownership is not the only issue here" (*Kyong Jae Lee v Lancer Ins. Co.*, 104 AD3d 612, 612).  As noted by the court,

"[p]laintiffs are seeking not merely to correct the name of the named insured on the declarations page, but are seeking to change the homeowner policy to a policy that does not require the homeowner to reside at the insured premises."  Stated differently, by issuing a homeowner's policy Allstate "did not intend to cover the risk for which plaintiffs now seek coverage," and therefore reformation of the insurance policy is not permissible here (*Kyong Jae Lee*, 104 AD3d at 612).

We further conclude that the court properly granted the Garcia defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.  "As a general principle, insurance brokers 'have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so' " (*Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734).  Nonetheless, " 'they have no continuing duty to advise, guide or direct a client to obtain additional coverage' " (*Sawyer v Rutecki*, 92 AD3d 1237, 1237, *lv denied* 19 NY3d 804).  "Exceptional and particularized situations may arise in which insurance agents, through their conduct or by express or implied contract with customers and clients, may assume or acquire duties in addition to those fixed at common law" (*Murphy v Kuhn*, 90 NY2d 266, 272).  "For instance, where a 'special relationship' develops between an agent and the insured, the agent may be held to have assumed duties in addition to merely 'obtain[ing] requested coverage' " (*Sawyer*, 92 AD3d at 1237).  "Such a special relationship may arise where '(1) the agent receives compensation for consultation apart from payment of the premiums . . . [;] (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent . . . ; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on' " (*id.* at 1237-1238).

As noted in *Voss*, "in the ordinary broker-client setting, the client may prevail in a negligence action only where it can establish that it made a particular request to the broker and the requested coverage was not procured" (*id*. at 734).  Here, as in *Voss*, plaintiffs are not pursuing this theory of liability; rather, their "claim[s] hinge[] on the existence of a special relationship" (*id*. at 735).

We conclude that the Garcia defendants met their initial burden of establishing that they did not have a special relationship with decedent or plaintiffs, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  First, there is no dispute that the Garcia defendants did not receive compensation from decedent or plaintiffs over and above the commissions they received for the Allstate insurance policy they had provided.  Second, plaintiffs failed to establish that there was any question concerning coverage of decedent's property, and that decedent or plaintiffs relied on Garcia's expertise in resolving that question; indeed, the record establishes that decedent and plaintiffs were not so much concerned with drawing on Garcia's expertise as with providing some business to Garcia, whom they considered a good friend (*see*

*Sawyer*, 92 AD3d at 1238; *Chase's Cigar Store v Stam Agency*, 281 AD2d 911, 912).  Lastly, the Garcia defendants established that the third and final special relationship category does not apply inasmuch as the parties clearly did not have "a course of dealing" that lasted "an extended period of time."  As the court pointed out, "[t]here is no question that the [decedent and plaintiffs] had no prior insurance client-broker/agent relationship with the Garcia [d]efendants before the subject transaction with respect to insuring the [subject property]."  Moreover, the parties' entire "course of dealing" at the time of the fire was less than 3 years (*see generally Murphy*, 90 NY2d at 272).  Even accepting as true plaintiffs' contentions that Garcia knew of decedent's failing health and that Pauline "trusted . . . Garcia with [her] life," we conclude that the interactions between the parties "would [not] have put [an] objectively reasonable insurance agent[] on notice that [his or her] advice was being sought and specially relied on" (*Sawyer*, 92 AD3d at 1238; *see Majtan v Urbanke Assoc., Inc*., 118 AD3d 1453, 1453-1454, *lv denied* 24 NY3d 903).

Entered:  February 10, 2017

Frances E. Cafarell
Clerk of the Court