Gatto v Allstate Indem. Co. (2019 NY Slip Op 04618)





Gatto v Allstate Indem. Co.


2019 NY Slip Op 04618


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1437 CA 18-00494

[*1]SANTINA GATTO, AS ADMINISTRATRIX OF THE ESTATE OF YVONNE A. RUBINO, DECEASED, PLAINTIFF-RESPONDENT,
v
ALLSTATE INDEMNITY COMPANY, DEFENDANT, AND DIONISIO (DION) ROMAN, JR., DEFENDANT-APPELLANT. 






WOOD, SMITH, HENNING & BERMAN, LLP, NEW YORK CITY (NANCY QUINN KOBA OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHELE E. DETRAGLIA, UTICA, FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), dated December 18, 2017. The order, insofar as appealed from, denied the motion of defendant Dionisio (Dion) Roman, Jr. for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Dionisio (Dion) Roman, Jr. is granted and the complaint against him is dismissed.
Memorandum: In 2006, Yvonne A. Rubino (decedent) contacted Dionisio (Dion) Roman, Jr. (defendant), an insurance agent, to procure a homeowner's insurance policy covering her residence. Defendant Allstate Indemnity Company (Allstate) thereafter issued decedent a policy for the initial term of May 17, 2006 to May 17, 2007 with decedent listed on the policy as the only insured. The policy was renewed each year thereafter and, despite the fact that decedent died in December 2010, the policy was in force for the term of May 17, 2013 to May 17, 2014 with decedent still listed as the only insured. After the residence was destroyed by fire in January 2014, decedent's daughter Leonarda Tomaino filed a claim under the policy, and Allstate disclaimed coverage. Plaintiff, also a daughter of decedent and the administratrix of decedent's estate, thereafter commenced this action against Allstate and defendant. With respect to defendant, plaintiff alleged, inter alia, that he breached his duty to notify Allstate of decedent's death and to ensure that the property was properly insured. Specifically, plaintiff alleged that defendant was informed of decedent's death in 2011 and again in 2012 when Tomaino made payments directly to defendant to renew the policy. Defendant moved for summary judgment dismissing the complaint against him, and appeals from an order that, inter alia, denied his motion.
Viewing the evidence in the light most favorable to plaintiff (see Page One Auto Sales, Inc. v Brown & Brown of N.Y., Inc., 83 AD3d 1482, 1483 [4th Dept 2011]), we conclude that Supreme Court erred in denying the motion. Defendant met his initial burden of establishing as a matter of law that he owed no duty to plaintiff, Tomaino, or decedent's estate inasmuch as he demonstrated that none was a client. Indeed, defendant's submissions established that decedent, alone, was his client and that, after her death, no one represented the estate until September 2014, approximately eight months after the fire and four years after her death. Plaintiff failed to raise an issue of fact sufficient to defeat the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Furthermore, even assuming, arguendo, that Tomaino was a client of defendant, we conclude that defendant established his entitlement to summary judgment as a matter of law. Defendant established that he had no common-law duty to advise, guide, or direct her to obtain [*2]insurance coverage for additional insureds in light of decedent's death (see Nicotera v Allstate Ins. Co., 147 AD3d 1474, 1476 [4th Dept 2017], lv denied 29 NY3d 907 [2017]; Sawyer v Rutecki, 92 AD3d 1237, 1237 [4th Dept 2012], lv denied 19 NY3d 804 [2012]; see also Thompson & Bailey, LLC v Whitmore Group, Ltd., 34 AD3d 1001, 1002-1003 [3d Dept 2006], lv denied 8 NY3d 807 [2007]), and he further established that he did not " assume or acquire duties in addition to those fixed at common law' " (Nicotera, 147 AD3d at 1476). Here, defendant demonstrated that there were no payments made to him beyond the alleged premium payments, that there was no interaction with Tomaino regarding questions of coverage, and that no special relationship was formed between himself and Tomaino (see id. at 1476-1477; Sawyer, 92 AD3d at 1237-1238; see also Petri Baking Prods., Inc. v Hatch Leonard Naples, Inc., 151 AD3d 1902, 1903-1904 [4th Dept 2017]). Indeed, defendant submitted the deposition testimony of Tomaino, in which she testified that there was no discussion with defendant about any need for changes to the policy and that she was not asked for a copy of any death certificate, thus establishing the absence of any interaction regarding questions of coverage. Additionally, even assuming, arguendo, that Tomaino was a client of defendant and that she informed him of decedent's death and made premium payments to him in 2012 and 2013, we conclude that such events are insufficient to raise a triable issue of fact whether defendant owed a duty to her to notify Allstate of decedent's death and to ensure that the property was properly insured (see generally Zuckerman, 49 NY2d at 562).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court