Matter of McIntosh v McIntosh (2020 NY Slip Op 07831)





Matter of McIntosh v McIntosh


2020 NY Slip Op 07831


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1250 CAF 19-01536

[*1]IN THE MATTER OF JOHN F. MCINTOSH, PETITIONER-RESPONDENT,
v
JOHN A. MCINTOSH, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR RESPONDENT-APPELLANT. 


 Appeal from an order of the Family Court, Monroe County (Kristin F. Splain, R.), entered June 21, 2019 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the authority of the Referee to hear and determine the matter, and the order is affirmed without costs.
Memorandum: Respondent appeals in appeal No. 1 from an order of protection, entered on his default, requiring him, inter alia, to remain at least 500 feet away from petitioner and to refrain from any communication with petitioner. Respondent appeals in appeal No. 2 from an order denying his motion to vacate the order of protection.
As a preliminary matter, with respect to appeal No. 2, "[t]he notice of appeal was filed prior to the entry of the order, thus rendering the notice of appeal premature" (Consumer Solutions Reo, LLC v Giglio, 78 AD3d 1609, 1609-1610 [4th Dept 2010]). Although we may treat the premature notice of appeal as valid as a matter of discretion in the interest of justice (see CPLR 5520 [c]), we decline to do so here (see Thornton v City of Rochester, 160 AD3d 1446, 1446 [4th Dept 2018]; Matter of Justeen T., 17 AD3d 1148, 1148 [4th Dept 2005]).
With respect to appeal No. 1, respondent contends that the record does not establish that he consented to having the Referee hear and determine the matter. Initially, "[w]here, as here, the order of protection was issued upon the appellant's default, review is limited to matters which were the subject of contest below" (Matter of Mary C. v Anthony C., 61 AD3d 682, 682 [2d Dept 2009] [internal quotation marks omitted]; see James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]). Inasmuch as the Referee's authority to hear and determine the case was a subject of contest prior to respondent's later default, that issue is subject to review in appeal No. 1 (see Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080-1081 [4th Dept 2019]; Mary C., 61 AD3d at 682-683). Nonetheless, even assuming, arguendo, that appeal No. 1 is not moot despite the expiration of the order of protection (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 670-673 [2015]; Matter of Eric R. v Henry R., 179 AD3d 554, 554 [1st Dept 2020]), we reject respondent's contention. Based on our review of the record, we conclude that the order of protection "do[es] not lack the essential jurisdictional predicate of [respondent's] consent to have the matter[] heard and decided by the Referee" (Matter of Mattice v Palmisano, 159 AD3d 1407, 1408 [4th Dept 2018], lv denied 31 NY3d 909 [2018] [internal quotation marks omitted]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court